ORIGINAL

VIA FAX

1   GEORGE G. WEICKHARDT (SBN 58586)
    ANDREW J. CHO (SBN 240957)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    201 Spear Street, Suite 1000
3   San Francisco, CA 94105-1667
    Telephone:   (415) 543-4800
4   Facsimile:    (415) 972-6301
    Email:       gweickhardt@rmkb.com
5              acho@rmkb.com

6   Attorneys for Defendant
    CHASE BANK USA, N.A., erroneously sued herein
7   as CHASE BANK N.A. and CHASE CARD
    SERVICES

8

FILED

2009 SEP 30 PH 12: 58

CLERK US DI...
SOUTHERN DISTRICT OF CALIFORN...

BY_____DEPUTY

9                   UNITED STATES DISTRICT COURT

10             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12   PATRICIA THOMPSON and GENE       CASE NO. 09 CV 2143 DMS     POR
    ROBERT THOMPSON,
13                           NOTICE OF REMOVAL OF CIVIL
              Plaintiffs,           ACTION FROM STATE COURT TO
14                           UNITED STATES DISTRICT COURT,
        v.                        SOUTHERN DISTRICT OF CALIFORNIA
15
    CHASE BANK N.A., CHASE CARD
16   SERVICES, IC SYSTEMS, INC.,

17               Defendant.

18

19        TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, SOUTHERN

20   DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS

21   HEREIN:

22        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441(a), defendant CHASE

23   BANK USA, N.A. (erroneously sued herein as CHASE BANK N.A. and CHASE CARD

24   SERVICES), a national banking association, hereby removes the above-entitled action from the

25   Superior Court of the State of California in and for the County of San Diego to the United States

26   District Court for the Southern District of California, based on the following facts:

27        1.     On or about August 5, 2009, plaintiffs filed an action in the Superior Court of the

28   State of California for the County of San Diego, entitled *Patricia and Gene Robert Thompson,*

RC1/5382559.1/AC1                  - 1 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

*Plaintiffs, v. Chase Bank, USA, N.A., Chase Card Services, IC Systems, Inc, and Does 1-10,*

*inclusive, Defendants*, action number 37-2009-00057904-CU-PO-NC ("the Action").  A copy of

the original summons and complaint is attached hereto as Exhibit A.

2.   The Action alleges violations of the California and Federal Fair Debt Collection

Practices Acts (CA Civil Code § 1788, *et seq.*& 15 USC § 1692, *et seq.*), California Civil Code §

1785, 15 USC § 1666, and tort claims for invasion of privacy, libel and tort in se.  All of the

causes of action are in relation to a debt owed on a credit card account issued by Chase to

plaintiffs.

5.   Plaintiffs' complaint prays for damages in the amount of $627,899.00.

6.   Plaintiffs are residents and citizens of the State of California.

7.   Defendant Chase Bank, USA, N.A. is a national banking association, with its main

office in the State of Delaware.  Its articles of association set forth that its main office is located

in the State of Delaware.  It is therefore a citizen of the State of Delaware.  *Wachovia Bank v.*

*Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006).  Chase Card Services is a division of

Chase Bank USA, N.A.  It is not a separate corporation or separate legal entity.

8.   Co-Defendant IC Systems Inc. is an S corporation, incorporated in the state of

Minnesota.  Its headquarters and principal place of business is located in Minnesota: Highway 96

East Vadnais Heights MN  55127.  The officers of IC Systems' and most of IC Systems'

employees work in the Minnesota headquarters.  IC Systems has only branch offices in other

states.  It is therefore a citizen of the state of Minnesota.

9.   This Action is a case under which the United States District Court has original

jurisdiction under 28 U.S.C. § 1332(a)(1), in that it is a civil action where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between

citizens of different States.

10.   This Action is also a case under which this Court has original jurisdiction under 28

U.S.C. §1331, and is one which may be removed to this Court by Chase pursuant to the

provisions of 28 U.S.C. §1441(a), in that it alleges a claim under the 15 U.S.C. § 1666.

11.   Plaintiffs allege violations of 15 U.S.C. § 1666 in several paragraphs of their

RC1/5382559.1/AC1

- 2 -

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT, SOUTHERN
DISTRICT OF CALIFORNIA

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  complaint, including the following:

2      a.     Introduction: "Plaintiffs ... bring this lawsuit against CHASE ... for violations

3  of ... 15 U.S.C. § 1666(b)."

4      b.     Paragraph 20: "Specifically, DOAN LAW FIRM , LLP was retained to provide

5  the following ...services:

6         1.    Stop all future communications and harassment from creditors using... the

7  RFDCPA (under 15 U.S.C. §§ 1692 et seq.), and 15 U.S.C. § 1666(b), of the FCBA.

8      c.     Paragraph 38: "Defendants ... refused to acknowledge the request to change the

9  address for billing statements ... all in violation of 15 U.S.C. § 1666(b)6."

10      d.     Paragraph 142: "15 U.S.C. § 1666(b)6 of the FCBA provides that a billing error

11  arises ...."

12      e.     Paragraph 147: "Defendants violated 15 U.S.C. § 1666(b)(6) ...."

13      f.     Paragraph 148: "Defendant subject to statutory damages pursuant to 15 U.S.C.

14  § 1666(b)6 and 15 U.S.C. § 1640(a)(2)(1) ...."

15      g.     Paragraph 162: "Defendants engaged in an unlawful course of conduct in

16  violations of ... 15 U.S.C. § 1666(b) ...."

17      h.     Plaintiffs Prayer For Relief seek damages for alleged violations of 15 U.S.C.

18  §§ 1692, 1666, 1640.

19      10.    Chase was first served with a copy of the complaint on September 22, 2009, and

20  30 days from that date has not yet elapsed. This Notice of Removal is being filed within 30 days

21  after service of a copy of the initial pleading setting forth the claim for relief upon which such

22  action or proceeding is based.

23      12.    Plaintiffs have named IC Systems Inc. as a defendant. As of the time of removal,

24  plaintiffs have not yet served the complaint on IC Systems.

25      13.    For the reasons stated above, defendant Chase Bank USA, N.A. hereby removes

26  the above-entitled action.

27      14.    Attached hereto as Exhibit B is a true and correct copy of all other papers filed in

28  the Action.

RCI/5382559.1/ACI

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

1    Dated: September *30*, 2009

2                                                    ROPERS, MAJESKI, KOHN & BENTLEY

3

4                                                    By:

5                                                    GEORGE G. WEICKHARDT
                                                     ANDREW J. CHO
                                                     Attorneys for Defendant
6                                                    CHASE BANK USA, N.A., erroneously
                                                     sued herein as CHASE BANK N.A. and
7                                                    CHASE CARD SERVICES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5382559.1/AC1                         - 4 -

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT, SOUTHERN
DISTRICT OF CALIFORNIA

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

AUG – 5

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHASE BANK N.A., CHASE CARD SERVICES, IC SYSTEMS, INC.,
and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PATRICIA THOMPSON AND GENE ROBERT THOMPSON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California; North County Division<br>325 S. Melrose<br>Vista, CA 92081 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2009-00057904-CU-PO-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karen S. Spicker; Tel. (760) 450-3333
Doan Law Firm, LLP, 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008

| DATE: AUG 0 5 2009 | Clerk, by | M. Hackett | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | M. HACKETT | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  Karen S. Spicker, SBN 127934
   Doan Law Firm, LLP
2  2850 Pio Pico Drive, Suite D
   Carlsbad, CA 92008
3  Phone (760) 450-3333 • Fax (760) 720-6082
   karen@doanlaw.com
4

5  Attorney for PLAINTIFFS

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    NORTH COUNTY JUDICIAL DISTRICT

10

11  PATRICIA THOMPSON and          )  Case No.    37-2009-00057904-CU-PO-NC
    GENE ROBERT THOMPSON,          )
12                                 )  COMPLAINT SEEKING MONETARY
                                   )  DAMAGES, STATUTORY DAMAGES,
         Plaintiffs,               )  PUNITIVE DAMAGES, INJUNCTIVE RELIEF
13                                 )  AND DECLARATORY RELIEF, FOR:
                                   )
14  vs.                            )  1) VIOLATION OF CAL. CIV. CODE §1788.17,
                                   )     (under 15 U.S.C. §1692b(6));
15                                 )  2) VIOLATION OF CAL. CIV. CODE §1788.17,
    CHASE BANK N.A., CHASE CARD     )     (under 15 U.S.C. §1692c(a)(2));
16  SERVICES, IC SYSTEMS, INC.,    )  3) VIOLATION OF CAL. CIV. CODE §1788.17,
    and DOES 1 through 10, inclusive )     (under 15 U.S.C. §1692c(c));
17                                 )  4) VIOLATION OF CAL. CIV. CODE
                                   )     §1788.14(c);
18       Defendants.               )  5) VIOLATION OF CAL. CIV. CODE §1788.17,
                                   )     (under 15 U.S.C. §1692d(5));
19  _____  )  6) VIOLATION OF CAL. CIV. CODE
                                   )     §1788.11(e);
20                                    7) VIOLATION OF CAL. CIV. CODE §1788.17,
                                          (under 15 U.S.C. §1692c(a)(1))
21                                    8) VIOLATION OF CAL. CIV. CODE
                                          §1785.25
22                                    9) VIOLATION OF 15 U.S.C. §1666(b);
                                      10) INVASION OF PRIVACY (INTRUSION
23                                          UPON SECLUSION);
                                      11) TORT IN SE; and
24                                    12) LIBEL

25

26                                    AMOUNT IN CONTROVERSY:
                                      $627,899.00
27
                                      JURY TRIAL DEMANDED
28

## I.

### INTRODUCTION

1.  Plaintiffs PATRICIA THOMPSON and GENE ROBERT THOMPSON, (hereinafter "THOMPSON" or "PLAINTIFFS"), bring this lawsuit against CHASE BANK N.A. (formally Washington Mutual), (hereinafter "CHASE" or "DEFENDANTS") CHASE CREDIT CARD SERVICES, (hereinafter "CHASE CARD" or "DEFENDANTS") and IC SYSTEMS, INC., (hereinafter "IC" or "DEFENDANTS"), for violations of California Civil Code §§1785.25, 1788. 11, 1788.14, 1788.17 and 15 U.S.C. §1666(b), and other Torts as alleged herein.

## II.

### FINDINGS AND PURPOSE OF CALIFORNIA CIVIL CODE §1788 et. seq. the RFDCPA VIOLATED BY DEFENDANTS

2.  The California Legislature made the following **findings** and **purpose** in creating the RFDCPA:

> *(1)   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*
>
> *(2)   There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*
>
> *(b)   It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

3.  On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair

Debt Collection Practices Act ("FDCPA"), which also superceded numerous provisions of the RFDCPA, such as Civil Code §1788.14, to extent inconsistent, and which was enacted in 1977, before Civil Code §1788.17.

4.  The United States Congress made the following **findings** and declaration of **purpose** in enacting the **FDCPA**:

> (a)  *Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices _____ contribute to ____ ___ __ of persons, bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*

> (b)  *Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

> (e)  *Purposes. It is the purpose of this title [15 U.S.C.S. §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

## III.

## JURISDICTION

5.  Jurisdiction of this Court arises under California Code Civil Procedure 410.10 et seq.

## IV.

## PARTIES

6.  At all times alleged herein, Plaintiffs are individuals who reside in the City of Lakeside, County of San Diego, State of California and from whom Defendants sought to collect a consumer debt which was due and owing from Plaintiffs or alleged to be due and owing from Plaintiffs.

///

7.    Plaintiffs are informed and believe and thereon allege that Defendant, CHASE BANK, N.A., is a corporation and/or some other unknown type of business entity.

8.    Plaintiffs are informed and believe and thereon allege, that Defendants and each of them are in the business of issuing credit cards on a nationwide basis, including to individuals residing in the County of San Diego, State of California.

9.    Plaintiffs are informed and believe and thereon allege that Defendant, CHASE CARD SERVICES, is a corporation and/or some other unknown type of business entity.

10.   Plaintiffs are informed and believe and thereon allege, that Defendants and each of them are in the business of issuing credit cards on a nationwide basis, including to individuals residing in the County of San Diego, State of California.

11.   Plaintiffs are informed and believe and thereon allege that Defendant, IC, is a corporation and/or some other unknown type of business entity.

12.   Plaintiffs are informed and believe and thereon allege, that Defendants and each of them are a debt collector and in the business of collecting debt on a nationwide basis, including to individuals residing in the County of San Diego, State of California.

13.   Defendants and each of them are not attorneys or counselors at law, and in the ordinary course of business Defendants and each of them, regularly engage in debt collection as that terms is defined in California Civil Code §1788.2. Defendants and each of them are "debt collector(s)," as that term is defined by California Civil Code §1788.2(c) and each Defendant is a "person" as that term is defined by California Civil Code § 1788.2 (g).

14.   The true names and capacities, whether individual, corporate, associate or other, of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiffs, who sued Defendants by such fictitious names pursuant to Code of Civil Procedure §474. When the true names and capacities of such Defendants are ascertained, Plaintiffs shall amend this complaint to allege the same. Plaintiffs are informed and believe, and based thereon allege, that each such fictitiously named Defendant herein is responsible for each of the acts and omissions alleged herein.

COMPLAINT
5

15. For purposes of this Complaint, unless otherwise indicated, "Defendant(s)" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant(s) herein.

16. The Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

17. This case involves money, property, or the equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

## V.

## FACTS

### Plaintiffs Retained Doan Law Firm, LLP:

18. Defendants, and each of them, allege that Plaintiffs incurred a "debt" with them, as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. §1692a(5).

19. On February 16, 2009, Plaintiffs retained DOAN LAW FIRM, LLP, to dispute the validity of the debt, to end communications on the debt under RFDCPA, to eliminate all personal liability on the debt via Title 11 of the United States Code, and ensure that creditors accurately and completely report account information to each credit reporting bureau.

20. Specifically, DOAN LAW FIRM, LLP was retained to provide the following five (5) services:

    1)   Stop all future communications and harassment from creditors using Civil Code §1788.14 and §1788.17 of the RFDCPA (under 15 U.S.C. §§1692 et. seq), and 15 U.S.C. § 1666(b), of the FCBA;

    2)   Dispute the validity of the debt alleged based on 15 U.S.C. §§ 1692b and 1692c; among other things, the statute of fraud, standing in light of securitization, set off

rights, improper fees and interest charges and other state and federal statutes;

3)  Ensure that creditors comply with Civil Code §1785.25, and correctly and accurately report to credit reporting agencies information about Plaintiffs' account, and fact that the enforceability was disputed;

4)  Eliminate personal liability using Title 11 of the U.S. Code; and

5)  Ensure creditors comply with Civil Code §1785.25 and the Fair Credit Reporting Act (FCRA).

21.  Plaintiffs paid money to DOAN LAW FIRM, LLP for the foregoing services.

22.  The purported debt owed to Defendants is currently subject of a Chapter 13 Bankruptcy. Once discharged Defendants have no further contractual rights to enforce the debt against Plaintiffs and Plaintiffs have no obligation to pay Defendants.

## Legal Help Was Provided To Protect Plaintiffs From Defendants:

23.  Prior to filing Bankruptcy, DOAN LAW FIRM, LLP sent a written "Cease and Desist Orders," dated February 19, 2009 directing Defendants to cease all communications with Plaintiffs. A true and correct copy of the Cease and Desist Order is attached hereto as Exhibit "A" and incorporated herein.

24.  The Cease and Desist letter dated February 19, 2009, was sent via certified mail to Washington Mutual/ Providian PO Box 9180 Pleasanton, CA 94566. The return receipt verified that the Cease and Desist letter was received on March 9th, 2009. A true and correct copy of the certified mail receipt is attached hereto as Exhibit "A" and incorporated herein.

25.  These bankruptcy services were provided to Plaintiffs during the time their Chapter 13 case was being prepared in order to help Plaintiffs from being constantly harassed and abused by creditors, using state and federal laws specifically designed for such purposes.

26.  The written Order(s) to Defendants specifically provided the following:

a)  Plaintiffs would soon be filing for Title 11 Federal Protection;

b)  Advised that Plaintiffs refused to pay the debt;

c)     Advised that Plaintiffs disputed the validity of the debt;

d)     Advised that there was now attorney representation by the DOAN LAW FIRM, LLP with respect to the debt;

d)     Ordered that Defendants Cease and Desist all further communications with Plaintiffs with respect to the debt; and

e)     Advised that billing statements should be sent to a new address at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

**Defendants Had Actual Knowledge Of Attorney Representation:**

27.    Defendants physically received and had actual knowledge of the Cease and Desist Order(s), as evidence by the certified mail receipt, Exhibit "A", dated March 9, 2009.

28.    Defendants had actual knowledge of **attorney representation** by the DOAN LAW FIRM, LLP.

29.    Defendants actually knew it had to **Cease and Desist** all further communications with Plaintiffs with respect to the debt.

30.    Defendants actually knew Plaintiffs **refused to pay** the debt.

31.    Defendants actually knew Plaintiffs **disputed the validity** of the debt.

32.    Defendants actually knew Plaintiffs were preparing to file for **Federal Relief under Title 11.**

33.    Defendants actually **knew that they were now prohibited from contacting** the Plaintiffs by all means.

34.    Defendants actually knew they could no longer call, write, send billing statements, statements of account, or any other communication, except legal process to Plaintiffs.

35.    Defendants knew it could only communicate with DOAN LAW FIRM, LLP.

36.    Defendants knew they could only call, write, send billing statements, and send statements of account, to DOAN LAW FIRM, LLP at the new address provided.

37.    The Official Staff Commentary on Regulation Z 226.2(a)(22)-2 specifically provides that such communications to Plaintiff's attorneys instead of Plaintiff still ensures compliance

COMPLAINT
8

with all TILA regulations:

> "*An attorney and his or her client <u>are considered to be the same person for</u> <u>purpose of this regulation</u> when the attorney is acting within the scope of the attorney-client relationship with regard to a particular transaction*" (emphasis added)

38. Defendants knowingly and willfully refused to acknowledge the request to change the address for the billing statements, refused to make the correction, and never updated its system to change the billing statement address, all in violation of 15 U.S.C. §1666(b)6.

39. Defendants knew that any further communications of any kind with Plaintiffs was prohibited, unlawful, illegal, and would subject it to liability damages.

## Defendants Committed Unlawful Acts by Providing Incomplete and Inaccurate Information

40. Plaintiffs sent Defendants a written Cease and Desist order dated February 19, 2009 via certified mail, Exhibit "A."

41. Plaintiffs received proof of delivery of the Cease and Desist letter by way of certified mail return receipt, dated March 9, 2009, Exhibit "A."

42. The written Cease and Desist Order sent by Plaintiffs to Defendants clearly stated that the Plaintiffs "<u>disputed the validity of the alleged debt.</u>"

43. Plaintiffs disputed the debt based on among other reasons, the statute of frauds, standing in light of securitization, setoff rights, improper fees and interest charges, and other state and federal laws governing the ability to enforce the debt.

44. Defendants and each of them willfully, intentionally, consistently and purposely represented and reported each month to all three credit reporting bureaus (Experian, Equifax, and Transunion) that this account was not disputed. This was a willful and intentional violation of Civil Code §1785.25(a).

45. Notwithstanding actual knowledge of the disputed liability on the debt, from about March of 2009 through present. Defendants willfully, intentionally, consistently and

1    purposely represented each month to credit reporting agencies that the debt was NOT

2    disputed by the Plaintiffs.

3  46.  Each month's intentional misrepresentation that Plaintiffs did not dispute the debt,

4    resulted in numerous reports of incomplete and inaccurate information.

5  47.  As a result of Defendants conduct as alleged herein, Plaintiffs' credit report reflected on

6    a monthly basis false, incomplete, and inaccurate information.

7

8    **Defendants Committed (257) Unlawful Acts in**

9    **Repeatedly and Incessantly Telephoning the Plaintiff**

10  48.  Despite knowledge of attorney representation, Defendants intentionally, willfully,

11    deliberately, and knowingly, refused to abide by the laws of the RFDCPA, FDCPA and

12    the FCBA, as set forth in the Cease and Desist Order, and communicated with Plaintiffs

13    with regard to the alleged debt.

14  49.  Specifically, Defendants continued communications with Plaintiffs, as further evidenced

15    by the letters and billing statements, true and correct copies of the same are attached

16    hereto collectively as Exhibit "B" and incorporated herein.

17  50.  From March 19, 2009 through May 28, 2009, Defendants incessantly and repeatedly made

18    multiple telephone calls to Plaintiffs, despite the fact that they received a Cease and Desist

19    letter, Exhibit "A."

20  51.  For example, between March 19, 2009 and March 31, 2009, an unrelenting seventy-eight

21    (78) calls, were made in thirteen (13) consecutive days by the Defendants to the Plaintiffs

22    and between April 6, 2009 and May 1, 2009 the Defendants placed ninety-eight (98) calls

23    to the Plaintiffs, in twenty-six (26) consecutive days. In addition, between May 6, 2009

24    and May 23, 2009, the Defendants placed seventy-six (76) calls to the Plaintiffs, in

25    eighteen (18) consecutive days.

26  52.  Defendants violated California Civil Code §1788.11(e) since Defendants came into

27    contact with Plaintiffs by calling, at minimum, five times (5) a day on eighty-three (83)

28    different days. By way of example: between the months of March 2009 and May 2009,

1   the Defendants contacted the Plaintiff at least five (5) times a day on six (6) separate

2   days; at least six (6) times a day on six (6) separate days; at least seven (7) times a day;

3   one (1) time; at least (8) time a day on six (6) separate days; at least nine (9) times a day

4   on four (4) separate days, at least ten (10) times a day on one (1) day; and at least eleven

5   (11) times a day; on two (2) separate days.

6   53.   Defendants placed calls to Plaintiffs on a consecutive basis, by way of example: between

7   March 19, 2009 and March 31, 2009 on thirteen (13) consecutive days, Defendants called

8   Plaintiffs seventy-eight (78) calls; between April 4, 2009 and May 1, 2009 Defendants

9   called Plaintiffs an unwavering ninety-eight (98) times in only twenty-six (26) days and

10   between May 6, 2009 and May 23, 2009, in eighteen (18) consecutive days Defendants

11   called Plaintiffs seventy-six (76) times.

12   54.   The barrage of calls is evidence of a pattern and practice wherein the Defendants engaged

13   in unlawful harassment and abuse to coerce payment.

14   55.   Upon receiving payment, Defendants represented that the harassment and abuse would

15   stop and Defendants would restore to Plaintiffs to their right to privacy and peace of

16   mind.

17   56.   The unlawful contact by Defendants can be summarized by the following chart:

| RFDCPA Violations | | | | |
|---|---|---|---|---|
| **Thompson v. JP Morgan/Chase** | | | | |
| **Notices of Cease and Desist (See Exhibit "A")** | | | | |
| Date | Type | | | Notes |
| 2/19/2009 | Cease and Desist Letter | | | Initial Notification |
| 3/9/3009 | Cease and Desist Letter was Received | | | Confirmation |
| **Two Hundred Fifty Nine (259) Violations (See Exhibit "B")** | | | | |
| 1 | 3/19/2009 | 10:06 AM | Phone Call | Called despite notice 1 |
| 2 | 3/19/2009 | 10:34 AM | Phone Call | Called despite notice 1 |
| 3 | 3/19/2009 | 11:57 AM | Phone Call | Called despite notice 1 |
| 4 | 3/19/2009 | 4:15 PM | Phone Call | Called despite notice 1 |
| 5 | 3/19/2009 | 4:37 PM | Phone Call | Called despite notice 1 |
| 6 | 3/19/2009 | 6:16 PM | Phone Call | Called despite notice 1 |
| 7 | 3/19/2009 | 7:10 PM | Phone Call | Called despite notice 1 |
| 8 | 3/19/2009 | 7:32 PM | Phone Call | Called despite notice 1 |
| 9 | 3/19/2009 | 7:49 PM | Phone Call | Called despite notice 1 |

| | | | | | |
|---|---|---|---|---|---|
| 10 | 3/20/2009 | 12:09 PM | Phone Call | Called despite notice 1 | |
| 11 | 3/20/2009 | 6:54 PM | Phone Call | Called despite notice 1 | |
| 12 | 3/21/2009 | 2:29 PM | Phone Call | Called despite notice 1 | |
| 13 | 3/22/2009 | 9:08 AM | Phone Call | Called despite notice 1 | |
| 14 | 3/22/2009 | 3:54 PM | Phone Call | Called despite notice 1 | |
| 15 | 3/23/2009 | 12:00 PM | Phone Call | Called despite notice 1 | |
| 16 | 3/23/2009 | 1:03 PM | Phone Call | Called despite notice 1 | |
| 17 | 3/24/2009 | 10:36 AM | Phone Call | Called despite notice 1 | |
| 18 | 3/25/2009 | 9:28 AM | Phone Call | Called despite notice 1 | |
| 19 | 3/25/2009 | 10:40 AM | Phone Call | Called despite notice 1 | |
| 20 | 3/25/2009 | 11:27 AM | Phone Call | Called despite notice 1 | |
| 21 | 3/25/2009 | 12:58 PM | Phone Call | Called despite notice 1 | |
| 22 | 3/25/2009 | 1:35 PM | Phone Call | Called despite notice 1 | |
| 23 | 3/25/2009 | 2:23 PM | Phone Call | Called despite notice 1 | |
| 24 | 3/25/2009 | 3:52 PM | Phone Call | Called despite notice 1 | |
| 25 | 3/25/2009 | 5:53 PM | Phone Call | Called despite notice 1 | |
| 26 | 3/25/2009 | 6:15 PM | Phone Call | Called despite notice 1 | |
| 27 | 3/25/2009 | 6:51 PM | Phone Call | Called despite notice 1 | |
| 28 | 3/25/2009 | 7:51 PM | Phone Call | Called despite notice 1 | |
| 29 | 3/26/2009 | 11:04 AM | Phone Call | Called despite notice 1 | |
| 30 | 3/26/2009 | 11:32 AM | Phone Call | Called despite notice 1 | |
| 31 | 3/26/2009 | 12:29 PM | Phone Call | Called despite notice 1 | |
| 32 | 3/26/2009 | 12:50 PM | Phone Call | Called despite notice 1 | |
| 33 | 3/26/2009 | 1:26 PM | Phone Call | Called despite notice 1 | |
| 34 | 3/26/2009 | 1:57 PM | Phone Call | Called despite notice 1 | |
| 35 | 3/26/2009 | 6:01 PM | Phone Call | Called despite notice 1 | |
| 36 | 3/26/2009 | 6:35 PM | Phone Call | Called despite notice 1 | |
| 37 | 3/26/2009 | 7:19 PM | Phone Call | Called despite notice 1 | |
| 38 | 3/26/2009 | 7:47 PM | Phone Call | Called despite notice 1 | |
| 39 | 3/27/2009 | 10:11 AM | Phone Call | Called despite notice 1 | |
| 40 | 3/27/2009 | 10:33 AM | Phone Call | Called despite notice 1 | |
| 41 | 3/27/2009 | 12:45 PM | Phone Call | Called despite notice 1 | |
| 42 | 3/27/2009 | 1:06 PM | Phone Call | Called despite notice 1 | |
| 43 | 3/27/2009 | 3:47 PM | Phone Call | Called despite notice 1 | |
| 44 | 3/27/2009 | 6:09 PM | Phone Call | Called despite notice 1 | |
| 45 | 3/27/2009 | 6:58 PM | Phone Call | Called despite notice 1 | |
| 46 | 3/27/2009 | 7:26 PM | Phone Call | Called despite notice 1 | |
| 47 | 3/28/2009 | 11:02 AM | Phone Call | Called despite notice 1 | |
| 48 | 3/28/2009 | 11:48 AM | Phone Call | Called despite notice 1 | |
| 49 | 3/28/2009 | 3:02 PM | Phone Call | Called despite notice 1 | |
| 50 | 3/28/2009 | 4:35 PM | Phone Call | Called despite notice 1 | |
| 51 | 3/28/2009 | 5:34 PM | Phone Call | Called despite notice 1 | |
| 52 | 3/28/2009 | 6:28 PM | Phone Call | Called despite notice 1 | |
| 53 | 3/28/2009 | 6:56 PM | Phone Call | Called despite notice 1 | |
| 54 | 3/28/2009 | 7:22 PM | Phone Call | Called despite notice 1 | |
| 55 | 3/28/2009 | 7:57 PM | Phone Call | Called despite notice 1 | |
| 56 | 3/28/2009 | 10:50 AM | Phone Call | Called despite notice 1 | |
| 57 | 3/29/2009 | 11:58 AM | Phone Call | Called despite notice 1 | |
| 58 | 3/29/2009 | 1:01 PM | Phone Call | Called despite notice 1 | |
| 59 | 3/29/2009 | 2:05 PM | Phone Call | Called despite notice 1 | |
| 60 | 3/29/2009 | 3:10 PM | Phone Call | Called despite notice 1 | |
| 61 | 3/29/2009 | 6:42 PM | Phone Call | Called despite notice 1 | |
| 62 | 3/29/2009 | 7:19 PM | Phone Call | Called despite notice 1 | |
| 63 | 3/29/2009 | 7:38 PM | Phone Call | Called despite notice 1 | |

COMPLAINT
12

| 64 | 3/29/2009 | 7:55 PM | Phone Call | Called despite notice 1 | |
|----|-----------|---------|------------|-------------------------|---|
| 65 | 3/30/2009 | 11:03 AM | Phone Call | Called despite notice 1 | |
| 66 | 3/30/2009 | 1:08 PM | Phone Call | Called despite notice 1 | |
| 67 | 3/30/2009 | 2:13 PM | Phone Call | Called despite notice 1 | |
| 68 | 3/30/2009 | 4:00 PM | Phone Call | Called despite notice 1 | |
| 69 | 3/30/2009 | 6:40 PM | Phone Call | Called despite notice 1 | |
| 70 | 3/30/2009 | 7:11 PM | Phone Call | Called despite notice 1 | |
| 71 | 3/30/2009 | 7:38 PM | Phone Call | Called despite notice 1 | |
| 72 | 3/30/2009 | 8:00 PM | Phone Call | Called despite notice 1 | |
| 73 | 3/31/2009 | 8:40 AM | Phone Call | Called despite notice 1 | |
| 74 | 3/31/2009 | 11:36 AM | Phone Call | Called despite notice 1 | |
| 75 | 3/31/2009 | 3:27 PM | Phone Call | Called despite notice 1 | |
| 76 | 3/31/2009 | 6:18 PM | Phone Call | Called despite notice 1 | |
| 77 | 3/31/2009 | 7:04 PM | Phone Call | Called despite notice 1 | |
| 78 | 3/31/2009 | 7:48 PM | Phone Call | Called despite notice 1 | |
| 79 | 4/2/2009 | | Letter | Sent despite notice 1 | |
| 80 | 4/3/2009 | 4:52 PM | Phone Call | Called despite notice 1 | IC |
| 81 | 4/6/2009 | 9:22 AM | Phone Call | Called despite notice 1 | IC |
| 82 | 4/7/2009 | 8:51 AM | Phone Call | Called despite notice 1 | IC |
| 83 | 4/7/2009 | 12:58 PM | Phone Call | Called despite notice 1 | IC |
| 84 | 4/7/2009 | 4:35 PM | Phone Call | Called despite notice 1 | IC |
| 85 | 4/8/2009 | 9:41 AM | Phone Call | Called despite notice 1 | IC |
| 86 | 4/8/2009 | 1:43 PM | Phone Call | Called despite notice 1 | IC |
| 87 | 4/9/2009 | 9:03 AM | Phone Call | Called despite notice 1 | IC |
| 88 | 4/9/2009 | 1:16 PM | Phone Call | Called despite notice 1 | IC |
| 89 | 4/9/2009 | 6:35 PM | Phone Call | Called despite notice 1 | IC |
| 90 | 4/10/2009 | | Billing Statement | Sent despite notice 1 | |
| 91 | 4/10/2009 | 9:43 AM | Phone Call | Called despite notice 1 | IC |
| 92 | 4/10/2009 | 11:54 AM | Phone Call | Called despite notice 1 | IC |
| 93 | 4/11/2009 | 8:45 AM | Phone Call | Called despite notice 1 | IC |
| 94 | 4/11/2009 | 1:17 PM | Phone Call | Called despite notice 1 | IC |
| 95 | 4/11/2009 | 5:26 PM | Phone Call | Called despite notice 1 | IC |
| 96 | 4/12/2009 | 2:49 PM | Phone Call | Called despite notice 1 | IC |
| 97 | 4/13/2009 | 9:35 AM | Phone Call | Called despite notice 1 | IC |
| 98 | 4/13/2009 | 2:03 PM | Phone Call | Called despite notice 1 | IC |
| 99 | 4/13/2009 | 6:55 PM | Phone Call | Called despite notice 1 | IC |
| 100 | 4/14/2009 | 8:35 AM | Phone Call | Called despite notice 1 | IC |
| 101 | 4/14/2009 | 11:36 AM | Phone Call | Called despite notice 1 | IC |
| 102 | 4/14/2009 | 3:42 PM | Phone Call | Called despite notice 1 | IC |
| 103 | 4/14/2009 | 6:39 PM | Phone Call | Called despite notice 1 | IC |
| 104 | 4/15/2009 | 8:54 PM | Phone Call | Called despite notice 1 | IC |
| 105 | 4/15/2009 | 12:01 PM | Phone Call | Called despite notice 1 | IC |
| 106 | 4/15/2009 | 12:53 PM | Phone Call | Called despite notice 1 | IC |
| 107 | 4/15/2009 | 6:47 PM | Phone Call | Called despite notice 1 | IC |
| 108 | 4/16/2009 | 8:37 AM | Phone Call | Called despite notice 1 | IC |
| 109 | 4/16/2009 | 9:25 AM | Phone Call | Called despite notice 1 | |
| 110 | 4/16/2009 | 12:41 PM | Phone Call | Called despite notice 1 | |
| 111 | 4/16/2009 | 1:00 PM | Phone Call | Called despite notice 1 | |
| 112 | 4/16/2009 | 2:13 PM | Phone Call | Called despite notice 1 | |
| 113 | 4/16/2009 | 2:33 PM | Phone Call | Called despite notice 1 | |
| 114 | 4/17/2009 | 8:16 AM | Phone Call | Called despite notice 1 | |
| 115 | 4/17/2009 | 8:38 AM | Phone Call | Called despite notice 1 | |
| 116 | 4/18/2009 | 11:35 AM | Phone Call | Called despite notice 1 | |
| 117 | 4/18/2009 | 5:36 PM | Phone Call | Called despite notice 1 | |

| 118 | 4/19/2009 | 10:28 AM | Phone Call | Called despite notice 1 | IC |
|---|---|---|---|---|---|
| 119 | 4/19/2009 | 3:05 PM | Phone Call | Called despite notice 1 | IC |
| 120 | 4/19/2009 | 6:56 PM | Phone Call | Called despite notice 1 | IC |
| 121 | 4/20/2009 | 11:06 AM | Phone Call | Called despite notice 1 | IC |
| 122 | 4/20/2009 | 2:16 PM | Phone Call | Called despite notice 1 | IC |
| 123 | 4/20/2009 | 4:41 PM | Phone Call | Called despite notice 1 | IC |
| 124 | 4/20/2009 | 6:54 PM | Phone Call | Called despite notice 1 | IC |
| 125 | 4/21/2009 | 8:47 AM | Phone Call | Called despite notice 1 | IC |
| 126 | 4/21/2009 | 10:13 AM | Phone Call | Called despite notice 1 | IC |
| 127 | 4/21/2009 | 6:36 PM | Phone Call | Called despite notice 1 | IC |
| 128 | 4/22/2009 | 8:38 AM | Phone Call | Called despite notice 1 | IC |
| 129 | 4/22/2009 | 11:38 AM | Phone Call | Called despite notice 1 | |
| 130 | 4/22/2009 | 12:08 PM | Phone Call | Called despite notice 1 | IC |
| 131 | 4/22/2009 | 4:29 PM | Phone Call | Called despite notice 1 | IC |
| 132 | 4/22/2009 | 6:38 PM | Phone Call | Called despite notice 1 | IC |
| 133 | 4/23/2009 | 8:46 AM | Phone Call | Called despite notice 1 | IC |
| 134 | 4/23/2009 | 10:13 AM | Phone Call | Called despite notice 1 | IC |
| 135 | 4/23/2009 | 10:14 AM | Phone Call | Called despite notice 1 | |
| 136 | 4/23/2009 | 10:35 AM | Phone Call | Called despite notice 1 | |
| 137 | 4/23/2009 | 1:06 PM | Phone Call | Called despite notice 1 | IC |
| 138 | 4/23/2009 | 2:26 PM | Phone Call | Called despite notice 1 | |
| 139 | 4/23/2009 | 2:47 PM | Phone Call | Called despite notice 1 | |
| 140 | 4/23/2009 | 5:35 PM | Phone Call | Called despite notice 1 | |
| 141 | 4/24/2009 | 8:24 AM | Phone Call | Called despite notice 1 | IC |
| 142 | 4/24/2009 | 10:05 AM | Phone Call | Called despite notice 1 | IC |
| 143 | 4/24/2009 | 12:33 PM | Phone Call | Called despite notice 1 | IC |
| 144 | 4/24/2009 | 5:25 PM | Phone Call | Called despite notice 1 | IC |
| 145 | 4/25/2009 | 8:24 AM | Phone Call | Called despite notice 1 | IC |
| 146 | 4/26/2009 | 8:46 AM | Phone Call | Called despite notice 1 | IC |
| 147 | 4/26/2009 | 11:44 AM | Phone Call | Called despite notice 1 | IC |
| 148 | 4/26/2009 | 6:58 PM | Phone Call | Called despite notice 1 | IC |
| 149 | 4/27/2009 | 8:17 AM | Phone Call | Called despite notice 1 | IC |
| 150 | 4/27/2009 | 11:44 AM | Phone Call | Called despite notice 1 | |
| 151 | 4/27/2009 | 12:55 PM | Phone Call | Called despite notice 1 | IC |
| 152 | 4/27/2009 | 3:57 PM | Phone Call | Called despite notice 1 | IC |
| 153 | 4/27/2009 | 5:27 PM | Phone Call | Called despite notice 1 | IC |
| 154 | 4/28/2009 | 9:27 AM | Phone Call | Called despite notice 1 | IC |
| 155 | 4/28/2009 | 10:03 AM | Phone Call | Called despite notice 1 | |
| 156 | 4/28/2009 | 11:25 AM | Phone Call | Called despite notice 1 | IC |
| 157 | 4/28/2009 | 12:46 PM | Phone Call | Called despite notice 1 | |
| 158 | 4/28/2009 | 1:27 PM | Phone Call | Called despite notice 1 | IC |
| 159 | 4/28/2009 | 2:39 PM | Phone Call | Called despite notice 1 | |
| 160 | 4/28/2009 | 3:42 PM | Phone Call | Called despite notice 1 | IC |
| 161 | 4/28/2009 | 4:15 PM | Phone Call | Called despite notice 1 | |
| 162 | 4/28/2009 | 4:25 PM | Phone Call | Called despite notice 1 | IC |
| 163 | 4/29/2009 | 8:54 AM | Phone Call | Called despite notice 1 | IC |
| 164 | 4/29/2009 | 12:00 PM | Phone Call | Called despite notice 1 | IC |
| 165 | 4/29/2009 | 4:28 PM | Phone Call | Called despite notice 1 | IC |
| 166 | 4/29/2009 | 5:51 PM | Phone Call | Called despite notice 1 | |
| 167 | 4/29/2009 | 6:38 PM | Phone Call | Called despite notice 1 | IC |
| 168 | 4/30/2009 | 8:46 AM | Phone Call | Called despite notice 1 | IC |
| 169 | 4/30/2009 | 9:51 AM | Phone Call | Called despite notice 1 | |
| 170 | 4/30/2009 | 11:02 AM | Phone Call | Called despite notice 1 | |
| 171 | 4/30/2009 | 11:04 AM | Phone Call | Called despite notice 1 | IC |
| 172 | 4/30/2009 | 2:24 PM | Phone Call | Called despite notice 1 | IC |

| 173 | 4/30/2009 | 6:37 PM | Phone Call | Called despite notice 1 | IC |
|-----|-----------|---------|------------|-------------------------|-----|
| 174 | 5/1/2009 | 8:36 AM | Phone Call | Called despite notice 1 | IC |
| 175 | 5/1/2009 | 10:47 AM | Phone Call | Called despite notice 1 | IC |
| 176 | 5/1/2009 | 11:39 AM | Phone Call | Called despite notice 1 | |
| 177 | 5/1/2009 | 1:31 PM | Phone Call | Called despite notice 1 | IC |
| 178 | 5/1/2009 | 3:23 PM | Phone Call | Called despite notice 1 | IC |
| 179 | 5/1/2009 | 5:38 PM | Phone Call | Called despite notice 1 | IC |
| 180 | 5/6/2009 | 8:48 AM | Phone Call | Called despite notice 1 | IC |
| 181 | 5/6/2009 | 11:40 AM | Phone Call | Called despite notice 1 | IC |
| 182 | 5/6/2009 | 1:49 PM | Phone Call | Called despite notice 1 | |
| 183 | 5/6/2009 | 2:37 PM | Phone Call | Called despite notice 1 | IC |
| 184 | 5/6/2009 | 4:22 PM | Phone Call | Called despite notice 1 | |
| 185 | 5/6/2009 | 4:44 PM | Phone Call | Called despite notice 1 | |
| 186 | 5/6/2009 | 5:51 PM | Phone Call | Called despite notice 1 | |
| 187 | 5/6/2009 | 6:51 PM | Phone Call | Called despite notice 1 | IC |
| 188 | 5/7/2009 | 8:37 AM | Phone Call | Called despite notice 1 | IC |
| 189 | 5/7/2009 | 9:57 AM | Phone Call | Called despite notice 1 | IC |
| 190 | 5/7/2009 | 12:37 PM | Phone Call | Called despite notice 1 | IC |
| 191 | 5/7/2009 | 4:07 PM | Phone Call | Called despite notice 1 | IC |
| 192 | 5/7/2009 | 6:49 PM | Phone Call | Called despite notice 1 | IC |
| 193 | 5/8/2009 | 8:31 AM | Phone Call | Called despite notice 1 | IC |
| 194 | 5/8/2009 | 10:32 AM | Phone Call | Called despite notice 1 | IC |
| 195 | 5/8/2009 | 11:40 AM | Phone Call | Called despite notice 1 | |
| 196 | 5/8/2009 | 1:43 PM | Phone Call | Called despite notice 1 | IC |
| 197 | 5/8/2009 | 2:46 PM | Phone Call | Called despite notice 1 | |
| 198 | 5/8/2009 | 7:49 PM | Phone Call | Called despite notice 1 | |
| 199 | 5/9/2009 | 8:26 AM | Phone Call | Called despite notice 1 | IC |
| 200 | 5/9/2009 | 10:09 AM | Phone Call | Called despite notice 1 | IC |
| 201 | 5/9/2009 | 1:14 PM | Phone Call | Called despite notice 1 | IC |
| 202 | 5/9/2009 | 5:06 PM | Phone Call | Called despite notice 1 | IC |
| 203 | 5/10/2009 | 4:28 PM | Phone Call | Called despite notice 1 | IC |
| 204 | 5/11/2009 | 8:30 AM | Phone Call | Called despite notice 1 | IC |
| 205 | 5/11/2009 | 11:29 AM | Phone Call | Called despite notice 1 | |
| 206 | 5/11/2009 | 11:50 AM | Phone Call | Called despite notice 1 | |
| 207 | 5/11/2009 | 12:21 PM | Phone Call | Called despite notice 1 | IC |
| 208 | 5/12/2009 | 8:19 AM | Phone Call | Called despite notice 1 | IC |
| 209 | 5/12/2009 | 11:13 AM | Phone Call | Called despite notice 1 | IC |
| 210 | 5/12/2009 | 2:58 PM | Phone Call | Called despite notice 1 | IC |
| 211 | 5/12/2009 | 6:48 PM | Phone Call | Called despite notice 1 | IC |
| 212 | 5/13/2009 | 8:51 AM | Phone Call | Called despite notice 1 | |
| 213 | 5/13/2009 | 9:31 AM | Phone Call | Called despite notice 1 | |
| 214 | 5/13/2009 | 9:53 AM | Phone Call | Called despite notice 1 | |
| 215 | 5/13/2009 | 11:19 AM | Phone Call | Called despite notice 1 | IC |
| 216 | 5/13/2009 | 2:05 PM | Phone Call | Called despite notice 1 | IC |
| 217 | 5/13/2009 | 3:27 PM | Phone Call | Called despite notice 1 | |
| 218 | 5/13/2009 | 4:32 PM | Phone Call | Called despite notice 1 | IC |
| 219 | 5/13/2009 | 6:38 PM | Phone Call | Called despite notice 1 | IC |
| 220 | 5/14/2009 | 9:03 AM | Phone Call | Called despite notice 1 | IC |
| 221 | 5/14/2009 | 11:02 AM | Phone Call | Called despite notice 1 | IC |
| 222 | 5/15/2009 | 2:12 PM | Phone Call | Called despite notice 1 | IC |
| 223 | 5/16/2009 | 8:07 AM | Phone Call | Called despite notice 1 | |
| 224 | 5/16/2009 | 9:02 AM | Phone Call | Called despite notice 1 | IC |
| 225 | 5/16/2009 | 11:34 AM | Phone Call | Called despite notice 1 | IC |
| 226 | 5/16/2009 | 2:28 PM | Phone Call | Called despite notice 1 | IC |
| 227 | 5/16/2009 | 5:51 PM | Phone Call | Called despite notice 1 | IC |

| | | | | | |
|---|---|---|---|---|---|
| 228 | 5/17/2009 | 9:28 AM | Phone Call | Called despite notice 1 | IC |
| 229 | 5/17/2009 | 2:58 PM | Phone Call | Called despite notice 1 | IC |
| 230 | 5/17/2009 | 6:28 PM | Phone Call | Called despite notice 1 | IC |
| 231 | 5/18/2009 | 8:18 AM | Phone Call | Called despite notice 1 | IC |
| 232 | 5/18/2009 | 10:42 AM | Phone Call | Called despite notice 1 | |
| 233 | 5/18/2009 | 11:03 AM | Phone Call | Called despite notice 1 | |
| 234 | 5/18/2009 | 11:05 AM | Phone Call | Called despite notice 1 | IC |
| 235 | 5/18/2009 | 3:05 PM | Phone Call | Called despite notice 1 | IC |
| 236 | 5/18/2009 | 6:15 PM | Phone Call | Called despite notice 1 | IC |
| 237 | 5/18/2009 | 6:43 PM | Phone Call | Called despite notice 1 | IC |
| 238 | 5/19/2009 | 8:28 AM | Phone Call | Called despite notice 1 | IC |
| 239 | 5/19/2009 | 12:57 PM | Phone Call | Called despite notice 1 | IC |
| 240 | 5/19/2009 | 1:27 PM | Phone Call | Called despite notice 1 | |
| 241 | 5/19/2009 | 1:53 PM | Phone Call | Called despite notice 1 | |
| 242 | 5/19/2009 | 3:15 PM | Phone Call | Called despite notice 1 | IC |
| 243 | 5/19/2009 | 5:13 PM | Phone Call | Called despite notice 1 | IC |
| 244 | 5/19/2009 | 5:45 PM | Phone Call | Called despite notice 1 | |
| 245 | 5/19/2009 | 7:18 PM | Phone Call | Called despite notice 1 | |
| 246 | 5/20/2009 | 9:19 AM | Phone Call | Called despite notice 1 | IC |
| 247 | 5/20/2009 | 12:28 PM | Phone Call | Called despite notice 1 | IC |
| 248 | 5/21/2009 | 6:54 PM | Phone Call | Called despite notice 1 | |
| 249 | 5/22/2009 | 11:40 AM | Phone Call | Called despite notice 1 | |
| 250 | 5/22/2009 | 12:02 PM | Phone Call | Called despite notice 1 | |
| 251 | 5/22/2009 | 12:30 PM | Phone Call | Called despite notice 1 | IC |
| 252 | 5/22/2009 | 5:44 PM | Phone Call | Called despite notice 1 | |
| 253 | 5/22/2009 | 6:32 PM | Phone Call | Called despite notice 1 | IC |
| 254 | 5/23/2009 | 8:48 AM | Phone Call | Called despite notice 1 | IC |
| 255 | 5/23/2009 | 11:45 AM | Phone Call | Called despite notice 1 | IC |
| 256 | 5/25/2009 | 12:20 PM | Phone Call | Called despite notice 1 | |
| 257 | 5/26/2009 | 9:45 AM | Phone Call | Called despite notice 1 | IC |
| 258 | 5/27/2009 | 11:38 AM | Phone Call | Called despite notice 1 | IC |
| 259 | 5/28/2009 | 8:54 AM | Phone Call | Called despite notice 1 | |

*IC indicates a call frm IC Systems, on Chase's behalf

**Defendants Willfully And Knowingly Violated the RFDCPA:**

57.   As a "Debt Collector," Defendants are fully aware of California's debt collection laws, including the RFDCPA and FDCPA, to the extent incorporated therein.

58.   Defendants are aware that full and complete compliance with the Truth in Lending Act ("TILA") may take place by communicating with Plaintiffs' attorney pursuant to the Offical Staff Commentary on Regulation Z 226.2(a)(22)-2, as set forth above.

59.   There is no conflict of law between the RFDCPA and TILA since Defendants can comply with TILA simply by sending correspondence to Plaintiffs' attorney instead of Plaintiffs.

///

COMPLAINT
15

60. Defendants knew each of its harassing communications were subject to Title 1.6C California Civil Code § 1788 et. seq. and 15 U.S.C. §1692 et. seq. as incorporated herein.

61. Defendants knew each of its' harassing communications were willful and knowing violations of Title 1.6C California Civil Code § 1788 et. seq. and 15 U.S.C. § 1692 (FDCPA) as incorporated herein.

62. Defendant harassing communications as set forth above are part of an overall unlawful business pattern and practice whereby Defendants knowingly, willfully, and intentionally enterprised a profitable unlawful collection scheme to derive profits through harassing communications.

63. Defendants rarely, if ever, are pursued or sued over such harassing communications since very few debtors are aware that their rights are being violated, rarely have the financial resources to pursue such claims, and/or very few attorneys are willing to take on such cases.

64. Defendants are highly motivated to continue their harassing communications since any payments made to resolve judgments or settlements for such unlawful conduct are minuscule when compared to the overall profits generated from such unlawful acts.

**Plaintiffs Suffered Damages As A Result of Defendants' Conduct:**

65. As a direct result of Defendants harassing communications, Plaintiffs have incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

66. Further, Defendants repeated and continuous calling caused Plaintiffs to feel worried, panicked, sad, anxious, such that it impacted their relationship with their friends and family.

67. Defendants placed repeated phone calls to Plaintiffs disrupting Plaintiffs' meals, daily routine activities, Plaintiffs' ability to sleep, and Plaintiff Patricia Thompson's health and well-being. Patricia Thompson suffers from atrial fibrillation and migraines and is currently taking medication. The stress resulting from Defendants' incessant, repeated,

and unwavering calls, forced Plaintiff Patricia Thompson to increase her dosage.

68. Plaintiffs incurred out of pocket monetary damages when attorney fees and costs were paid to DOAN LAW FIRM, LLP, for services provided to protect Plaintiffs under the RFDCPA, FDCPA, and FCBA, which ultimately failed.

69. Plaintiffs incurred additional incidental actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, postage, and other damages.

70. Plaintiffs continue to incur attorney fees and costs in filing this suit and bringing this matter to trial.

71. Each of Defendants' harassing acts in repeatedly calling Plaintiffs on a daily basis, was vexatious, outrageous, oppressive, and maliciously calculated enough, so as to warrant statutory penalties and punitive damages. The Defendants calls to the Plaintiffs totaled an outrageous two hundred and fifty-seven (257) calls, showing a conscious disregard for the Plaintiffs' emotional well-being and privacy .

72. Defendants' conduct has caused Plaintiffs unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by California Statute. Plaintiffs have incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, and has exacerbated Patricia's medical condition, which will continue to trial.

## VI.

## TWELVE (12) CAUSES OF ACTION

## FIRST CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 of the RFDCPA

## (Under 15 U.S.C. §§ 1692b(6))

73. Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

74. California Civil Code §1788.17, the RFDCPA provided in pertinent part:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.

75. 15 U.S.C. §1692b(6), the FDCPA as incorporated into Civil Code §1788.17, provides in pertinent part:

> After the debt collector knows the consumer is **represented by an attorney** with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, **not communicate with any person other than that attorney.**

76. Defendants violated 15 U.S.C. §1692b(6), the FDCPA, as incorporated into the RFDCPA, since Defendants repeatedly contacted and harassed the Plaintiffs two hundred and fifty-nine (259) times after being directly notified of attorney representation.

77. California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C §1692b(6).

78. Plaintiffs sent Defendants a written Cease and Desist order dated February 19, 2009 via certified mail, Exhibit "A."

79. The foregoing violations of 15 U.S.C § 1692b(6) by Defendants resulted in separate violations of California Civil Code Section §1788.17.

80. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692b(6).

81. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **multiple penalties ranging from $100.00-$1,000.00.**

///

82.   The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692b(6), which triggers **additional damages ranging from $100.00-$1,000.00** under 15 U.S.C. §1692k(a)(2)(A).

## SECOND CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17

## (Under 15 U.S.C. §1692c(a)(2))

83.   The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

84.   California Civil Code §1788.17, the RFDCPA provided in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

85.   15 U.S.C. §1692c(a)(2) as incorporated into §1788.17 the FDCPA provides:

> *Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--*
> > *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address...*

86.   Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into the RFDCPA, since Defendants repeatedly and continuously communicated with Plaintiffs two hundred and fifty-nine (259) times: two hundred and fifty-seven calls by telephone, letters, and billing statements, within the span of three (3) months despite the fact that Plaintiffs advised Defendants in writing, to contact Doan Law Firm, LLP regarding the alleged debt.

87.   Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into RFDCPA since they repeatedly contacted and harassed the Plaintiff after being directly notified to cease and

1   desist all further communication.

2   88.   California Civil Code §1788.17 requires that Defendants comply with the provisions of 15

3   U.S.C § 1692c(a)(2).

4   89.   The foregoing violations of 15 U.S.C §1692c(a)(2) by Defendants resulted in separate

5   violations of California Civil Code§1788.17.

6   90.   California Civil Code §1788.17 provides that Defendants and each of them are subject to

7   the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C.

8   §1692c(a)(2).

9   91.   The foregoing violations by DEFENDANTS were willful and knowing violations of Title

10   1.6C of the California Civil Code (FRDCPA), are sole and separate violations under

11   California Civil Code§1788.30(b), and trigger **multiple penalties ranging from $100.00-**

12   **$1,000.00**.

13   92.   The foregoing acts by Defendants were intentional, persistent, frequent, and devious

14   violations of 15 U.S.C. §1692c(a)(2), which trigger **additional damages ranging from**

15   **$100.00-$1,000.00** under 15 U.S.C. § 1692k(a)(2)(A).

16

17   ### THIRD CAUSE OF ACTION

18   ### VIOLATION OF CALIFORNIA CIVIL CODE §1788.17

19   ### (Under 15 U.S.C. §1692c(c))

20   93.   Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth

21   fully herein.

22   94.   California Civil Code §1788.17, the RFDCPA provided in pertinent part:

23   *Notwithstanding any other provision of this title, every debt collector collecting or*

24   *attempting to collect a consumer debt shall comply with the provisions of §1692b*

25   *to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of*

26   *the United States Code.*

27   95.   15 U.S. C. §1692c(c) of the FDCPA provides:

28   *If a consumer notifies a debt collector in writing that the consumer refuses to pay*

*a debt or that the consumer wishes the debt collector to **cease further communication** with the consumer, the debt collector shall **not communicate** further with the consumer with respect to such debt.*

96. Defendants violated 15 U.S.C. §1692c(c), as incorporated into the RFDCPA since Defendants repeatedly and continuously called and harassed Plaintiff two hundred and fifty-nine (259) times, within the span of three (3) months despite the fact that Plaintiffs advised Defendants in writing to contact Doan Law Firm, LLP regarding the alleged debt.

97. Defendants violated 15 U.S.C. §1692c(c), as incorporated into RFDCPA since Defendants repeatedly and continuously contacted and harassed the Plaintiffs after being directly notified to cease and desist all further communication.

98. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692c(c).

99. The foregoing violations of 15 U.S.C §1692c(c) by Defendants resulted in separate violations of California Civil Code Section § 1788.17.

100. California Civil Code Section 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15 U.S.C. § 1692c(c).

101. The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **multiple $1,000.00 penalties**.

102. The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692c(c), which trigger **additional damages of $1,000.00** under 15 U.S.C. § 1692k(a)(2)(A).

## FOURTH CAUSE OF ACTION:
### VIOLATION OF §1788.14(c) of the RFDCPA

103. The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

104.    California Civil Code Section 1788.14(c) provides in pertinent part:

> No debt collector shall collect or attempt to collect a consumer debts by means of the following:

>> (c) *Initiating communications*, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously **notified in writing by the debtor's attorney that the debtor is represented by such attorney** with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney.....

105.    Defendants violated California Civil Code Section §1788.14(c) since Defendants repeatedly contacted and harassed the Plaintiffs, by placing two hundred and fifty-seven (257) calls to the Plaintiffs, after being directly notified in writing of attorney representation concerning the debt. Defendants' repeated telephone calls disrupted Plaintiffs' family and household.

106.    The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger **additional penalties ranging from $100.00-$1,000.00** against Defendants.

## FIFTH CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17

### (Under 15 U.S.C. §1692d(5))

107.    Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

108.    California Civil Code §1788.17, the RFDCPA provided in pertinent part:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b

*to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

109. 15 U.S. C. §1692d(5) of the FDCPA provides:

> *A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> > *(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.*

110. Defendants violated 15 U.S.C. §1692d(5), as incorporated into the RFDCPA since Defendants repeatedly and continuously called and harassed Plaintiffs by placing eighty-three (83) calls to the Plaintiffs, over the course of sixty-one (61) days, despite the fact that Plaintiffs advised Defendants, in writing, to contact Doan Law Firm, LLP regarding the alleged debt.

111. The calls by the Defendants were placed at various times in the day and most days, multiple times a day, including early morning and late evening. By way of example, Defendants placed nine (9) calls on March 19, 2009, eleven (11) calls on March 25, 2009, ten (10) calls on March 26, 2009, eights (8) calls on March 27, 2009, nine (9) calls on March 28 and March 29, 2009, eight (8) calls on March 30, 2009, and six (6) calls on March 31, 2009.

112. Defendants violated California Civil Code §1788.11(e) since Defendants came into contact with Plaintiffs by calling, at minimum, five times (5) a day on eighty-three (83) different days. By way of example: between the months of March 2009 and May 2009, the Defendants contacted the Plaintiff at least five (5) times a day on six (6) separate days; at least six (6) times a day on six (6) separate days; at least seven (7) times a day; one (1) time; at least (8) time a day on six (6) separate days; at least nine (9) times a day on four (4) separate days, at least ten (10) times a day on one (1) day; and at least eleven (11)

times a day; on two (2) separate days.

113. For example, between March 19, 2009 and March 31, 2009 an unrelenting seventy-eight (78) calls, were made in thirteen (13) consecutive days by the Defendants to the Plaintiffs and between April 6, 2009 and May 1, 2009 the Defendants placed ninety-eight (98) calls to the Plaintiffs, in twenty-six (26) consecutive days. In addition, between May 6, 2009 and May 23, 2009 the Defendants placed seventy-six (76) calls to the Plaintiffs, in eighteen (18) consecutive days.

114. Defendants violated 15 U.S.C. §1692d(5) since Defendants came into contact with Plaintiffs by calling at least five (5) times a day, eighty-three (83) times, between the months of March 2009 and May 2009. The Defendants contacted the Plaintiff at least five (5) times a day on six (6) separate days; at least six (6) times a day on six (6) separate days, at least seven (7) times a day one (1) time, at least (8) time a day on six (6) separate days, at least nine (9) times a day on four (4) separate days, at least ten (10) times a day on one (1) time, and at least eleven (11) times a day, on two (2) separate occasions.

115. Defendants violated 15 U.S.C. §1692d(5), as incorporated into RFDCPA since Defendants repeatedly and continuously contacted and harassed the Plaintiffs after being directly notified to cease and desist all further communication.

116. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C §1692d(5).

117. The foregoing violations of 15 U.S.C §1692d(5) by Defendants resulted in separate violations of California Civil Code Section § 1788.17.

118. California Civil Code Section 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692d(5).

119. The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **multiple penalties ranging from $100.00-$1,000.00.**

120. The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692d(5), which trigger **additional damages ranging from $100.00-$1,000.00** under 15 U.S.C. § 1692k(a)(2)(A).

## SIXTH CAUSE OF ACTION:

## VIOLATION OF §1788.11(e)

121. The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

122. California Civil Code Section 1788.11(e) provides:

> *No debt collector shall collect or attempt to collect a consumer debt by means of the following:*
>
> > *(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances.*

123. Defendants violated California Civil Code §1788.11(e) since Defendants came into contact with Plaintiffs by calling, at minimum, five times (5) a day on eighty-three (83) different days. By way of example: between the months of March 2009 and May 2009, the Defendants contacted the Plaintiff at least five (5) times a day on six (6) separate days; at least six (6) times a day on six (6) separate days; at least seven (7) times a day; one (1) time; at least (8) time a day on six (6) separate days; at least nine (9) times a day on four (4) separate days, at least ten (10) times a day on one (1) day; and at least eleven (11) times a day; on two (2) separate days.

124. Defendants placed calls to Plaintiffs on a consecutive basis; by way of example, the Defendants did so between March 19, 2009 and March 31, 2009 when they called the Plaintiffs seventy-eight (78) calls in thirteen (13) consecutive days. Between April 4, 2009 and May 1, 2009 the Defendants called the Plaintiffs an unwavering ninety-eight (98) times in twenty-six (26) consecutive days. Between May 6, 2009 and May 23, 2009 the Defendants called the Plaintiffs seventy-six (76) times in eighteen (18) consecutive days.

For example, between March 19, 2009 and March 31, 2009 an unrelenting seventy-eight (78) calls, were made in thirteen (13) consecutive days by the Defendants to the Plaintiffs and between April 6, 2009 and May 1, 2009 the Defendants placed ninety-eight (98) calls to the Plaintiffs, in twenty-six (26) consecutive days. In addition, between May 6, 2009 and May 23, 2009 the Defendants placed seventy-six (76) calls to the Plaintiffs, in eighteen (18) consecutive days.

125.   For example, between March 19, 2009 and March 31, 2009 an unrelenting seventy-eight (78) calls, were made in thirteen (13) consecutive days by the Defendants to the Plaintiffs and between April 6,2009 and May 1, 2009 the Defendants placed ninety-eight (98) calls to the Plaintiffs, in twenty-six (26) consecutive days. In addition, between May 6, 2009 and May 23, 2009 the Defendants placed seventy-six (76) calls to the Plaintiffs, in eighteen (18) consecutive days.

126.   The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger **additional penalties ranging from $100.00-$1,000.00** against Defendants.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17

### (Under 15 U.S.C. §1692c(a)(1)

127.   Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

128.   California Civil Code §1788.17, the RFDCPA provided in pertinent part:

*Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

///

129. 15 U.S. C. §1692c(a)(1) of the FDCPA provides:

*Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—*

*(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.*

130. Defendants violated 15 U.S.C. §1692c(a)(1), as incorporated into the RFDCPA, since Defendants called the Plaintiffs on Easter Sunday, April 12, 2009, Mothers Day, May 10, 2009, a day traditionally spent with ones family; and Memorial Day, May 25, 2009. Each holiday is a nationally recognized day where the average person spends valuable time with their family and loved ones. Placing calls to the Plaintiffs on these holidays are known and it should have be known that these holidays were inconvenient to Plaintiffs and a highly appreciated time away from their everyday concerns.

131. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692c(a)(1).

132. The foregoing violations of 15 U.S.C §1692c(a)(1) by Defendants resulted in separate violations of California Civil Code Section §1788.17.

133. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15 U.S.C. § 1692c(a)(1).

134. The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **multiple penalties ranging from $100.00-$1,000.00.**

135.   The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692c(a)(2), which trigger **additional damages ranging $100.00- $1,000.00** under 15 U.S.C. §1692k(a)(2)(A).

## EIGHTH CAUSE OF ACTION:
## VIOLATION OF CAL. CIV. CODE §1785.25

136.   Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

137.   California Civil Code §1785.25(a) prohibits any person from furnishing information to a credit reporting bureau that such person knows or should know is incomplete or inaccurate.

138.   California Civil Code §1785.25(a) provides:

> *"A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is **incomplete or inaccurate**."*

139.   Plaintiffs allege that Defendants intentionally and erroneously reported on a monthly basis that the account was not disputed. In the written Cease and Desist Orders, February 19, 2009, Plaintiffs specifically advised the Defendants that the debt was disputed.

140.   Plaintiffs are entitled to relief for said Defendants' misconduct under California Civil Code §1785.31, including actual damages, court costs, loss of wages, attorneys' fees, pain and suffering, statutory damages, punitive damages of up to $5,000.00 for each monthly act, and injunctive relief.

## NINTH CAUSE OF ACTION:
## VIOLATION OF 15 U.S.C. §1666(b)

141.   The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

142.   15 U.S.C. §1666(b)6 of the FCBA provides that a billing error arises in the:

*[F]ailure to transmit the statement required under section 127(b) of this Act [15 U.S.C.S. §1637(b)] to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the billing cycle for which the statement is required."*

143.   Defendants failed to acknowledge the notice of the billing error within 30 days of notice, even though Plaintiffs provided Defendants with as written notice of the billing errors, each attached hereto Exhibit "A."

144.   Defendants never updated their systems to reflect the new billing address.

145.   Defendants intentionally refused to change the billing address after notice of the new address, as set forth in the separate written Cease and Desist Letter, to wit, on February 19, 2009, attached hereto as Exhibit "A".

146.   Defendants intentionally sent billing statements to the incorrect address after February 19, 2009, with the sole purpose to harass and abuse the Plaintiffs.

147.   Defendants violated 15 U.S.C. §1666(b)6 by knowingly and willfully refusing to acknowledge the request to change the address for the billing statements, refusing to make the Plaintiffs' requested correction, and failing to update its system to change the billing statement address, all in violation of 15 U.S.C. §1666(b)6.

148.   Defendants are subject to statutory damages pursuant to 15 U.S.C. §1666(b)6 and 15 U.S.C. §1640(a)(2)(1) in the amount of twice the finance charges assessed by Defendants on each statements in a sum according to proof, plus statutory prejudgment interest thereon.

## TENTH CAUSE OF ACTION:
### INVASION OF PRIVACY (INTRUSION UPON SECLUSION)

149.   The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

150.   Plaintiffs have a reasonable expectation of privacy at home such that Defendants would not continue to communicate and harass them and engage in unlawful, intrusive, and

abusive telephone calls in an effort to collect a debt.

151.   Defendants intentionally intruded on Plaintiffs' privacy by, among other things, continuing to communicate with Plaintiffs two hundred and fifty-nine (259) times, within a three (3) month period, even though Defendants knew that Plaintiffs were represented by Doan Law Firm, LLP.

152.   These intrusions and invasions against the Plaintiffs from March 2000 to May 2009, by Defendants in incessantly and repeatedly making multiple telephone calls to Plaintiffs, occurred in a way that would be highly offensive to a reasonable person in Plaintiffs's position.

153.   Plaintiff Patricia Thompson, has been diagnosed with atrial fibrillation and migraines. The unwavering and intrusive phone calls made by the Defendants generated both stress and anxiety. This directly affected Mrs. Thompson's conditions. The apprehension and trepidation caused by Defendant's phone calls was taxing to Mrs. Thompson's well-being due to her abnormal heart rhythm. The barrage of phone calls made by the Defendants to her home caused her immeasurable distress and exasperated her condition causing her to increase her medication dosage use.

154.   The Defendants' intrusions against Plaintiffs occurred after Defendants knew Plaintiffs were represented by Doan Law Firm, LLP and fact that said attorneys would sue Defendants for such conduct if it continued, shows the audacity and scorched Earth tactics that Defendants would employ at a "stop for nothing" attitude.

155.   Courts have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion. Fausto v. Credigy 598 F. Supp. 2d 1049, 1056 (N.D. CA 2009) (Citing to Panahial v. Gurney 2007 U.S. Dist. Lexis 17269 and Joseph v. JJ. MacIntryre LLC, 238 F. Supp. 2d 1158, 1169 (N.D. Cal. 2002)).

156.   Between March 18, 2009 and May 30, 2009 (71) days, the Defendants called the Plaintiffs on sixty-two (62) days or, in other words, eight-seven (87) percent of the time.

157.   Over the entire time frame in which the Defendants called the Plaintiffs, sixty-two (62) days, they were called on average four (4) times a day.

158.   As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in amount to be determined according to proof.

159.   Defendants also acted with such oppression, fraud, and/or malice, that Plaintiffs are also entitled to punitive damages in an amount according to proof.

## ELEVENTH CAUSE OF ACTION:

### TORT IN SE

160.   The Plaintiffs reallege and incorporate by reference _____ paragraphs as though set forth fully herein.

161.   According to Joseph v. MacIntrye 238 F. Supp. 2d 1158, 1169 (N.D. Cal. 2002) the court held that violations of RFDCPA can give rise to a cause of action under Tort in Se:

> "...Plaintiff, as an allegedly injured party and an intended beneficiary of the Rosenthal Act, can also state a claim for tort-in-se. See Laczko v. Jules Meyers, In., 276 Cal. App. 2d 293, 295, 80 Cal. Rptr. 798 (1969)."
>
> Defendants violated a statutory duty owed to another as set forth in full herein and is thus liable under the doctrine of "Tort-in-Se."

162.   Defendants engaged in an unlawful course of conduct in violations of the RFDCPA, California Civil Code Section §1788, et. seq. , Civil Code Section §43 and 15 U.S.C. §1666(b) as set forth above and Plaintiffs herein are injured parties and an intended beneficiary thereunder.

163.   As a result of Defendants actual negligence, Plaintiffs are entitled to damages in an amount to be determined according to proof.

## TWELFTH CAUSE OF ACTION:

### LIBEL

164.   Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

/ / /

COMPLAINT
31

165.  The conduct of Defendants constitutes libel that tends to defame, disparage, and injure Plaintiffs in their reputation and has also caused pain and suffering. Defendants and each of them willfully, intentionally, consistently and purposely represented and reported each month to all three credit reporting bureaus (Experian, Equifax, and Transunion) that this account was not disputed. This was in a willful and intentional violation of Civil Code §1785.25(a).

166.  Such libel has occurred on a continuing basis from approximately March of 2009 through the present, resulting in numerous reports of incomplete and inaccurate information.

167.  As a result of Defendants' acts and omissions, Plaintiffs have been injured in an amount yet to be ascertained.

168.  The conduct of these Defendants as alleged herein was willful, fraudulent, malicious, and oppressive. As a result, Plaintiffs request an award of punitive damages.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs, having set forth the claims for relief against Defendants, respectfully pray that this Court grant relief in the amount of **$627,899.00** monetary damages (Actual Damages of at least **$615,784.00, Statutory Penalties** of at least **$561,000.00 Punitive Damages** of at least **$54,784.00, Attorney Fees and Costs** according to proof, **Injunctive Relief,** and **Declaratory Relief**).

Such relief is reasonably justified under the circumstances, and is more specifically broken down as follows:

A.  **Actual Economic Damages** totaling at least **$2,115.00,** consisting of **$1,100.00 attorney fees** previously paid to Doan Law Firm, LLP to end the harassment, and **$15.00** in transportation, gasoline, telephone call charges, and postage, pursuant to California Civil Code §1788.30(a); **$1,000.00 Additional Damages** pursuant to California Civil Code §1788.17 incorporating 15 U.S.C. §1692k; and other economic damages accruing prior to the Order for Bankruptcy Relief;

B.  **Actual Non-Economic Damages** of **at least $10,000.00** pursuant to California

Civil Code §1788.30(a) for mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries;

C. **Statutory Penalties of at least $129,500.00** against Defendants arising from two-hundred and fifty-nine (259) violations of Civil Code §1788.17 (under 15 U.S.C. §1692b(6)) at $500.00 per violation;

D. **Statutory Penalties of at least $129,500.00** against Defendants arising from two hundred and fifty-nine (259) violations of California Civil Code §1788.17 (under 15 U.S.C. §1692c(a)(2); at $500.00 per violation;

E. **Statutory Penalties of at least $129,500.00** against Defendants arising from one hundred and eighty-two (182) violations of Civil Code §1788.17 (under 15 U.S.C. §1692c) at $500.00 per violation;

F. **Statutory Penalties of at least $129,000.00** against Defendants arising from two hundred and fifty-eight (258) violations of Civil Code §1788.14(c) at $300.00 per violation;

G. **Statutory Penalties of at least $41,500.00** against Defendants arising from eighty-three (83) violations of Civil Code §1788.11(e) at $400.00 per violation;

H. **Statutory damages of at least $2,000.00 or as according to proof** against Defendants arising from violation of Civil Code §1788.11c(a)(1) in the amount of twice the amount of the finance charges which were charged by Defendants on each of the statements from April of 2008 to the present, pursuant to 15 U.S.C §1666(b)6 and 15 U.S.C. § 1640(a)(2)(I) in an amount according to proof, but no less than $1,000.00.

I. **Punitive damages of at least $54,784.00** based on Defendants Invasion of Privacy, Tort in Se and Libel;

K. **Costs of Litigation** and reasonable **Attorney's Fees** against Defendants pursuant to California Civil Code §§1785.25, 1788.14, 1788.17, 1788.30(c), and Cal. Code Civ. Proc. §1021.5;

L.   **Injunctive Relief** against Defendants, restraining them from any further contact with Plaintiffs and from reporting incomplete and inaccurate information to credit reporting agencies;

M.   **Declaratory Relief** against Defendants, declaring their practices of communicating with and harassing Plaintiffs was in violation of California Civil Code Section §§1785.25, 1788.14(c), 1788.17 and 15 U.S.C. 1666;

N.   Such **other and further relief** as the Court may deem just and proper.

Respectfully submitted,

**DOAN LAW FIRM, LLP**

Dated: August 5, 2009

By _____
Karen S. Spicker, Esq.
Attorney for Plaintiffs

# EXHIBIT A

18-05-2009   02:40AM   FROM-SHARP HEALTHCARE                858 499 4445          T-676   P.040/048   F-365

# DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
doanlaw.com

February 19, 2009

## CEASE AND DESIST ORDER PER CC 1788.17 WITH
## BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA

Wash Mutual/Providian
Po Box 9180
Pleasanton, CA  94566

Re:  Debtor(s):          Patricia Kay Thompson
                         Gene Thompson
     Account No:         2400844856 and any other accounts related to the Debtor(s)
     Soc Sec No:         xxx-xx-3353              xxx-xx-1288
     Amount:             $2,540.00

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, California Civil Code Section 1788.17 via 15 U.S.C. 1692 requires you **cease and desist any and all future communications** on any and all accounts associated with the above referenced debtor(s).

Additionally, the debtor(s) **dispute the total debt and refuse to pay the total debt**, in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as "**disputed**" to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601. This would also include identifying this account as "**disputed**" in any and all credit bureau reporting you do, such as entering compliance condition code "XB" in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008**, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, **shall result in a lawsuit being filed** against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html**.

Sincerely,

Karen S. Spicker
Karen Spicker,
Attorney at Law

### DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
### AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC  1666(b)6:

*The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008.*

<u>DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.</u>

COPY

_____
Patricia Kay Thompson

_____
Gene Thompson

18-05-2009  02:40AM  FROM-SHARP HEALTHCARE                    858 499 4445          T-676  P.041/049  F-365

## DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
doanlaw.com

February 19, 2009

## CEASE AND DESIST ORDER PER CC 1788.17 WITH
## BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA

Wash Mutual/Providian
Po Box 9180
Pleasanton, CA  94566

Re:  Debtor(s):      Patricia Kay Thompson
                     Gene Thompson
     Account No:     2500496074 and any other accounts related to the Debtor(s)
     Soc Sec No:     xxx-xx-3353                    xxx-xx-1288
     Amount:         $6,054.00

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692 requires you cease and desist any and all future communications** on any and all accounts associated with the above referenced debtor(s).

Additionally, the debtor(s) **dispute the total debt and refuse to pay the total debt**, in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601. This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code"XB" in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at 2850 Pio Pico, Suite D, Carlsbad, CA  92008, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, **shall result in a lawsuit being filed** against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html**.

Sincerely,

Karen S. Spicker
Karen Spicker,
Attorney at Law

### DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
### AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:

*The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008.*

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

COPY

Patricia Kay Thompson

Gene Thompson

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 If Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wash Mutual / Providian
PO Box 9180
Pleasanton, CA 94566

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Deliver
3·5·5

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandis
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7008 3230 0001 4941 3021

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-15

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 If Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wash Mutual / Providian
PO Box 9180
Pleasanton, CA
94566

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delive
3·5·09

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchand
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7008 3230 0001 4941 3038

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-

# EXHIBIT B

Phone Records, 3/19/09—5/28/09

| | | | | |
|---|---|---|---|---|
| 05/28/2009 | 08:54 AM | From | 202-367-9234 | IC SYSTEM |
| 05/27/2009 | 11:38 AM | From | 800-561-5695 | IC SYSTEMS |
| 05/26/2009 | 09:45 AM | From | 202-367-9234 | IC SYSTEM |
| 05/25/2009 | 12:20 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/23/2009 | 11:45 AM | From | 202-367-9234 | IC SYSTEM |
| 05/23/2009 | 08:48 AM | From | 804-234-8011 | IC SYSTEM |
| 05/22/2009 | 06:32 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/22/2009 | 05:44 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/22/2009 | 12:30 PM | From | 651-204-1374 | IC SYSTEMS |
| 05/22/2009 | 12:02 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/22/2009 | 11:40 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/21/2009 | 06:54 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/20/2009 | 12:28 PM | From | 202-367-9234 | IC SYSTEM |
| 05/20/2009 | 09:19 AM | From | 202-367-9234 | IC SYSTEM |
| 05/19/2009 | 07:18 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/19/2009 | 06:15 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/19/2009 | 05:13 PM | From | 202-367-9234 | IC SYSTEM |
| 05/19/2009 | 03:15 PM | From | 202-367-9234 | IC SYSTEM |
| 05/19/2009 | 01:53 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/19/2009 | 01:27 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/19/2009 | 12:57 PM | From | 202-367-9234 | IC SYSTEM |
| 05/19/2009 | 08:28 AM | From | 202-367-9234 | IC SYSTEM |
| 05/18/2009 | 05:43 PM | From | 202-367-9234 | IC SYSTEM |
| 05/18/2009 | 05:15 PM | From | 866-803-1001 | 800 Service |
| 05/18/2009 | 03:05 PM | From | 202-367-9234 | IC SYSTEM |
| 05/18/2009 | 11:05 AM | From | 202-367-9234 | IC SYSTEM |
| 05/18/2009 | 11:03 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/18/2009 | 10:42 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/18/2009 | 08:18 AM | From | 202-367-9234 | IC SYSTEM |
| 05/17/2009 | 06:28 PM | From | 202-367-9234 | IC SYSTEM |
| 05/17/2009 | 02:58 PM | From | 202-367-9234 | IC SYSTEM |

| | | | | |
|---|---|---|---|---|
| 05/17/2009 | 09:28 AM | From | 202-367-9234 | IC SYSTEM |
| 05/16/2009 | 05:51 PM | From | 202-367-9234 | IC SYSTEM |

| | | | | |
|---|---|---|---|---|
| 05/16/2009 | 02:28 PM | From | 202-367-9234 | IC SYSTEM |
| 05/16/2009 | 11:34 AM | From | 202-367-9234 | IC SYSTEM |

| | | | | |
|---|---|---|---|---|
| 05/16/2009 | 09:02 AM | From | 202-367-9234 | IC SYSTEM |
| 05/16/2009 | 08:07 AM | From | 866-903-1001 | 800 Service |

| | | | | |
|---|---|---|---|---|
| 05/16/2009 | 02:12 PM | From | 202-367-9234 | IC SYSTEM |

| | | | | |
|---|---|---|---|---|
| 05/14/2009 | 11:02 AM | From | 202-367-9234 | IC SYSTEM |
| 05/14/2009 | 09:03 AM | From | 202-367-9234 | IC SYSTEM |
| 05/13/2009 | 08:38 PM | From | 202-367-9234 | IC SYSTEM |

| | | | | |
|---|---|---|---|---|
| 05/13/2009 | 04:32 PM | From | 202-367-9234 | IC SYSTEM |
| 05/13/2009 | 03:27 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/13/2009 | 02:05 PM | From | 202-367-9234 | IC SYSTEM |

| | | | | |
|---|---|---|---|---|
| 05/13/2009 | 11:19 AM | From | 202-367-9234 | IC SYSTEM |
| 05/13/2009 | 09:53 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/13/2009 | 09:31 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/13/2009 | 08:51 AM | From | 202-367-9234 | IC SYSTEM |
| 05/12/2009 | 06:48 PM | From | 202-367-9234 | IC SYSTEM |

| | | | | |
|---|---|---|---|---|
| 05/12/2009 | 02:56 PM | From | 202-367-9234 | IC SYSTEM |
| 05/12/2009 | 11:13 AM | From | 202-367-9234 | IC SYSTEM |
| 05/12/2009 | 08:19 AM | From | 202-367-9234 | IC SYSTEM |

| | | | | |
|---|---|---|---|---|
| 05/11/2009 | 12:21 PM | From | 202-367-9234 | IC SYSTEM |
| 05/11/2009 | 11:50 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/11/2009 | 11:29 AM | From | 972-512-9504 | JPMORGAN CHASE |

| | | | | |
|---|---|---|---|---|
| 05/11/2009 | 08:30 AM | From | 202-367-9234 | IC SYSTEM |
| 05/10/2009 | 04:28 PM | From | 202-367-9234 | IC SYSTEM |

| | | | | |
|---|---|---|---|---|
| 05/09/2009 | 05:06 PM | From | 202-367-9234 | IC SYSTEM |

| Date | Time | | Number | Carrier |
|---|---|---|---|---|
| 05/09/2009 | 01:14 PM | From | 202-367-9234 | IC SYSTEM |
| 05/09/2009 | 10:09 AM | From | 202-367-9234 | IC SYSTEM |
| 05/09/2009 | 08:26 AM | From | 202-367-9234 | IC SYSTEM |
| 05/08/2009 | 07:49 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/08/2009 | 02:46 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/08/2009 | 01:43 PM | From | 202-367-9234 | IC SYSTEM |
| 05/08/2009 | 11:40 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/08/2009 | 10:32 AM | From | 202-367-9234 | IC SYSTEM |
| 05/08/2009 | 08:31 AM | From | 202-367-9234 | IC SYSTEM |
| 05/07/2009 | 08:49 PM | From | 202-367-9234 | IC SYSTEM |
| 05/07/2009 | 04:07 PM | From | 202-367-9234 | IC SYSTEM |
| 05/07/2009 | 12:37 PM | From | 202-367-9234 | IC SYSTEM |
| 05/07/2009 | 08:57 AM | From | 202-367-9234 | IC SYSTEM |
| 05/07/2009 | 08:37 AM | From | 202-367-9234 | IC SYSTEM |
| 05/06/2009 | 06:51 PM | From | 202-367-9234 | IC SYSTEM |
| 05/06/2009 | 05:51 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/06/2009 | 04:44 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/06/2009 | 04:22 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 05/06/2009 | 02:37 PM | From | 202-367-9234 | IC SYSTEM |
| 05/06/2009 | 01:49 PM | From | 972-512-9502 | JPMORGAN CHASE |
| 05/06/2009 | 11:40 AM | From | 202-367-9234 | IC SYSTEM |
| 05/06/2009 | 08:48 AM | From | 202-367-9234 | IC SYSTEM |
| 05/01/2009 | 05:38 PM | From | 202-367-9234 | IC SYSTEM |
| 05/01/2009 | 03:23 PM | From | 202-367-9234 | IC SYSTEM |
| 05/01/2009 | 01:31 PM | From | 202-367-9234 | IC SYSTEM |
| 05/01/2009 | 11:38 AM | From | 972-512-9504 | JPMORGAN CHASE |

| 05/01/2009 | 10:47 AM | From | 202-367-9234 | IC SYSTEM |
|---|---|---|---|---|
| 05/01/2009 | 08:36 AM | From | 202-357-9234 | IC SYSTEM |
| 04/30/2009 | 06:37 PM | From | 202-367-9234 | IC SYSTEM |
| 04/30/2009 | 02:24 PM | From | 202-367-9234 | IC SYSTEM |
| 04/30/2009 | 11:04 AM | From | 202-367-9234 | IC SYSTEM |
| 04/30/2009 | 11:02 AM | From | 866-903-1001 | 800 Service |
| 04/30/2009 | 09:51 AM | From | 972-512-9501 | JPMORGAN CHASE |
| 04/30/2009 | 08:46 AM | From | 202-367-9234 | IC SYSTEM |
| 04/29/2009 | 06:38 PM | From | 202-367-9234 | IC SYSTEM |
| 04/29/2009 | 05:51 PM | From | 866-903-1001 | 800 Service |
| 04/29/2009 | 04:28 PM | From | 202-367-9234 | IC SYSTEM |
| 04/29/2009 | 12:00 PM | From | 202-367-9234 | IC SYSTEM |
| 04/29/2009 | 08:54 AM | From | 202-367-9234 | IC SYSTEM |
| 04/28/2009 | 04:25 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/28/2009 | 04:15 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/28/2009 | 03:42 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/28/2009 | 02:39 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/28/2009 | 01:27 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/28/2009 | 12:46 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/28/2009 | 11:25 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/28/2009 | 10:03 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/28/2009 | 09:27 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/27/2009 | 05:27 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/27/2009 | 03:57 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/27/2009 | 12:55 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/27/2009 | 11:44 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/27/2009 | 08:17 AM | From | 202-367-9234 | IC SYSTEM |

| 04/28/2009 | 06:58 PM | From | 651-204-1374 | IC SYSTEMS |
|---|---|---|---|---|
| 04/26/2009 | 11:44 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/26/2009 | 08:46 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/25/2009 | 08:24 AM | From | 651-204-1374 | ID SYSTEMS |
| 04/24/2009 | 05:25 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/24/2009 | 12:33 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/24/2009 | 10:05 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/24/2009 | 08:24 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/23/2009 | 05:35 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/23/2009 | 02:47 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/23/2009 | 02:26 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/23/2009 | 01:06 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/23/2009 | 10:35 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/23/2009 | 10:14 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/23/2009 | 10:13 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/23/2009 | 08:46 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/22/2009 | 06:38 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/22/2009 | 04:29 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/22/2009 | 12:08 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/22/2009 | 11:38 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/22/2009 | 08:38 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/21/2009 | 06:36 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/21/2009 | 10:13 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/21/2009 | 08:47 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/20/2009 | 08:54 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/20/2009 | 04:41 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/20/2009 | 02:16 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/20/2009 | 11:06 AM | From | 651-204-1374 | IC SYSTEMS |

| 04/19/2009 | 08:56 PM | From | 651-204-1374 | IC SYSTEMS |
|---|---|---|---|---|
| 04/19/2009 | 03:05 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/19/2009 | 10:28 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/18/2009 | 05:38 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/18/2009 | 11:35 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/17/2009 | 08:38 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/17/2009 | 08:16 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/16/2009 | 02:33 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/16/2009 | 02:13 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/16/2009 | 01:00 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/16/2009 | 12:41 PM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/16/2009 | 09:25 AM | From | 972-512-9504 | JPMORGAN CHASE |
| 04/16/2009 | 08:37 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/15/2009 | 06:47 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/15/2009 | 12:53 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/15/2009 | 12:01 PM | From | 202-367-8234 | IC SYSTEM |
| 04/15/2009 | 08:54 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/14/2009 | 06:39 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/14/2009 | 03:42 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/14/2009 | 11:36 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/14/2009 | 08:35 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/13/2009 | 06:55 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/13/2009 | 02:03 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/13/2009 | 09:35 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/12/2009 | 02:49 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/11/2009 | 05:26 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/11/2009 | 01:17 PM | From | 651-204-1374 | IC SYSTEMS |
| 04/11/2009 | 08:45 AM | From | 651-204-1374 | IC SYSTEMS |
| 04/10/2009 | 11:54 AM | | 651-204-1374 | IC SYSTEMS |
| 04/10/2009 | 09:48 AM | | 651-204-1374 | IC SYSTEMS |

| | | | |
|---|---|---|---|
| 04/09/2009 | 06:35 PM | 651-204-1374 | IC SYSTEMS |
| 04/09/2009 | 01:16 PM | 651-204-1374 | IC SYSTEMS |
| 04/08/2009 | 09:03 AM | 651-204-1374 | IC SYSTEMS |
| 04/08/2009 | 01:43 PM | 651-204-1374 | IC SYSTEMS |
| 04/08/2009 | 09:41 AM | 651-204-1374 | IC SYSTEMS |
| 04/07/2009 | 04:35 PM | 651-204-1374 | IC SYSTEMS |
| 04/07/2009 | 12:58 PM | 651-204-1374 | IC SYSTEMS |
| 04/07/2009 | 08:51 AM | 651-204-1374 | IC SYSTEMS |
| 04/06/2009 | 09:22 AM | 651-204-1374 | IC SYSTEMS |
| 04/03/2009 | 04:52 PM | 202-367-9234 | IC SYSTEM |
| 03/31/2009 | 07:48 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/31/2009 | 07:04 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/31/2009 | 06:18 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/31/2009 | 03:27 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/31/2009 | 11:36 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/31/2009 | 08:40 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/30/2009 | 08:00 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/30/2009 | 07:38 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/30/2009 | 07:11 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/30/2009 | 06:40 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/30/2009 | 04:00 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/30/2009 | 02:13 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/30/2009 | 01:08 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/30/2009 | 11:03 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/29/2009 | 07:55 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/29/2009 | 07:38 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/29/2009 | 07:19 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/29/2009 | 06:42 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/29/2009 | 03:10 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/29/2009 | 02:05 PM | 972-512-9501 | JPMORGAN CHASE |

| | | | |
|---|---|---|---|
| 03/29/2009 | 01:01 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/29/2009 | 11:58 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/29/2009 | 10:50 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/28/2009 | 07:57 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/28/2009 | 07:22 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/28/2009 | 06:56 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/28/2009 | 06:28 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/28/2009 | 05:34 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/28/2009 | 04:35 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/28/2009 | 03:02 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/28/2009 | 11:48 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/28/2009 | 11:02 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/27/2009 | 07:26 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/27/2009 | 06:58 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/27/2009 | 06:09 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/27/2009 | 03:47 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/27/2009 | 01:06 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/27/2009 | 12:45 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/27/2009 | 10:33 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/27/2009 | 10:11 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 07:47 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 07:18 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 06:35 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 06:01 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 01:57 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 01:26 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 12:50 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 12:29 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 11:32 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/26/2009 | 11:04 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 07:51 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 06:51 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 06:15 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 05:53 PM | 972-512-9501 | JPMORGAN CHASE |

| Date | Time | Number | Name |
|---|---|---|---|
| 03/25/2009 | 03:52 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 02:23 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 01:35 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 12:58 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 11:27 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 10:40 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/25/2009 | 09:28 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/24/2009 | 10:36 AM | 972-512-9501 | JPMORGAN CHASE |
| 03/23/2009 | 01:03 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/23/2009 | 12:00 PM | 972-512-9501 | JPMORGAN CHASE |
| 03/22/2009 | 03:54 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/22/2009 | 09:08 AM | 972-512-9504 | JPMORGAN CHASE |
| 03/21/2009 | 02:28 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/20/2009 | 06:54 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/20/2009 | 12:09 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/19/2009 | 07:49 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/19/2009 | 07:32 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/19/2009 | 07:10 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/19/2009 | 06:16 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/19/2009 | 04:37 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/19/2009 | 04:15 PM | 972-512-9504 | JPMORGAN CHASE |
| 03/19/2009 | 11:57 AM | 972-512-9504 | JPMORGAN CHASE |
| 03/19/2009 | 10:34 AM | 972-512-9504 | JPMORGAN CHASE |
| 03/19/2009 | 10:06 AM | 972-512-9504 | JPMORGAN CHASE |

I. C. SYSTEM, INC.
444 Highway 96 East, P.O. Box  887
St. Paul, MN  55164-0887

**Address Service Requested**

April 2, 2009

444 Highwa     East, P.O. Box 64887
St. Paul, MN   ..164-0887
Toll-Free No.: 1-800-561-5695
MON-THU 7A-10P
FRI-SUN 7A-9P
CENTRAL TIME



I.C. SYSTEM

#BWNGRCC
#F048691043518429#
PATRICIA THOMPSON
10955 PASITA DE KRISTY
LAKESIDE, CA 92040-2727

RE:  Chase Bank, N.A.
     Balance as of April 2, 2009:          $2,794.25
     Account No: 48691043-325-518-P26
     File Number: 5542852400844856

Dear Patricia Thompson:

Your account is past due and has been referred by Chase Bank, N.A. (formerly Washington Mutual) to our agency for collection. The balance shown above is the amount due as of the date of this letter. This amount may change due to interest or other charges that may be added to the account after the date of this letter.

This is a serious matter!  If you respond, you may be able to avoid any further contact from us.

Call us at 1-800-561-5695 if you wish to pay this account, but need to make payment arrangements. We want to give you the opportunity to resolve this debt.

Make your check or money order payable to Chase Card Services and send it to:

> Chase Card Services
> PO Box 94014
> Palatine, IL 60094-4014

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
Sincerely,

*Beth Brown*

Beth Brown/Manager

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.                               NOTICE
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
          Telephone calls to or from our General Office are randomly monitored by supervisory personnel
          for business reasons not directly related to your account. Calls may be recorded for quality assurance.

28-04-2009   02:05AM   FROM-ST   HEALTHCARE                858 499 4445        T-812   P.004/025   F-272

Accou.    mber: 4479 4825 0040 8074

Make your check payable to:
Chase Card Services.
Please write amount enclosed.
New address or e-mail?  Print on back.

$ _____

4479482500496074000396000062282600000003

01700-BEX Z 10000 0
PATRICIA THOMPSON
10565 PASITA DE KRISTY
LAKESIDE CA 92040-2727

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

⑁5000⑁160⑁281⑁  ⑁186⑁25004960746⑁"

## CHASE ◉

Statement Date:
03/11/09 - 04/10/09

Minimum Payment: $386.00
Payment Due Date: 05/05/09

Manage your account online
www.chase.com/creditcards

Additional contact information
conveniently located on reverse side.

### ACCOUNT SUMMARY

| | | VISA Account Number: 4479 4825 0040 8074 | |
|---|---|---|---|
| Previous Balance | $6,033.49 | Total Credit Line | $5,185 |
| Purchases, Cash, Debits | +$39.00 | Available Credit | $0 |
| Finance Charges | +$155.77 | Cash Access Line | $5,185 |
| New Balance | $6,228.26 | Available for Cash | $0 |

**Important Message: Over Credit Limit**
Your statement balance exceeds your credit limit.  You should make a payment that includes the overlimit amount and brings the
balance under your limit.

Your account is closed.  Please continue to make monthly payments by the due date until your balance is paid in full.

The new APR and promotional rate expiration reflected on this statement is a result of a late payment on your account.  For your
convenience, you can always pay online by accessing our website displayed on this statement.

### ACCOUNT ACTIVITY

| - Date of -<br>Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| 04/05 | LATE FEE | 39.00 |

### FINANCE CHARGES

| Category | Daily Periodic Rate<br>31 days in cycle | Corresp.<br>APR | Average Daily<br>Balance | Finance Charge<br>Due To<br>Periodic Rate | Transaction<br>Fee /<br>Service Charge | Accumulated<br>Fin Charge | FINANCE<br>CHARGES |
|---|---|---|---|---|---|---|---|
| Purchase | V .08216% | 29.99% | $6,116.00 | $155.77 | $0.00 | $0.00 | $155.77 |
| Cash advance | V .08216% | 29.99% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total finance charges | | | | | | | $155.77 |

**Effective Annual Percentage Rate (APR):**        29.99%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

0000001  R60309 0 12          000  N  2  III INAM16       Page 1 of 1    03696  MA MA 31703    10010000120483170301
X

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 325 S. Melrose |
| MAILING ADDRESS: | 325 S. Melrose |
| CITY AND ZIP CODE: | Vista, CA 92081 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 201-8031 |

PLAINTIFF(S) / PETITIONER(S):     Patricia Thompson et.al.

DEFENDANT(S) / RESPONDENT(S):  Chase Bank N.A. et.al.

THOMPSON VS. CHASE BANK N.A.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2009-00057904-CU-PO-NC |
|---|---|

Judge:  William S. Dato                                              Department: N-31

**COMPLAINT/PETITION FILED:** 08/05/2009

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Karen S. Spicer, SBN 127934
Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
TELEPHONE NO.: (760) 450-3333   FAX NO.: (760) 720-6082
ATTORNEY FOR *(Name):*

**FOR COURT USE ONLY**

09 AUG -5 PM 4: 00

[illegible] COURT
SAN [illegible] COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 352 S. Melrose
MAILING ADDRESS: 352 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

CASE NAME:
Thompsons v Chase Bank N.A., Chase Card Services, IC Systems, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2009-00057904-CU-PO-NC |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 12
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/05/09
Karen S. Spicer
_____
(TYPE OR PRINT NAME)

*Karen S. Spicer* (signature)
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (non-domestic relations)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (non-harassment)
Mechanics Lien
Other Commercial Complaint Case (non-tort/non-complex)
Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**

ORIGINAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

VIA FAX

**I. (a) PLAINTIFFS**
PATRICIA THOMPSON and GENE ROBERT THOMPSON

**DEFENDANTS**
CHASE BANK USA, N.A., erroneously sued herein as CHASE BANK N.A. and CHASE CARD SERVICES

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Karen S. Spicker
Doan Law Firm, LLP
2850 Pio Pico Dive, Suite D
Carlsbad, CA 92008
T: 760.450.3333; F: 760.720.6082

Attorneys (If Known)
George G. Weickhardt (SBN 58586)
Andrew J. Cho (SBN 240957)
Ropers, Majeski, Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA
T: 415.543.4800; F: 415.972.6301

'09 CV 2143 DMS     POR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441(a) and 15 U.S.C. § 1332

Brief description of cause:
Alleged violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and 15 U.S.C. § 1666

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $627,899.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 9/30/09     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 5774     AMOUNT 350.00     APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

lm NS 9/30/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005774
Cashier ID: msweaney
Transaction Date: 09/30/2009
Payer Name: ACE MESSENGER AND ATTY SVC
-----------------------------------
CIVIL FILING FEE
 For: THOMPSON V CHASE BANK
 Case/Party: D-CAS-3-09-CV-002143-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 41069
 Amt Tendered: $350.00
-----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```