1  Karen S. Spicker, SBN 127934
   Doan Law Firm, LLP
2  2850 Pio Pico Drive, Suite D
   Carlsbad, CA 92008
3  Phone (760) 450-3333 • Fax (760) 720-6082
   karen@doanlaw.com
4

5  Attorney for PLAINTIFFS

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  PATRICIA THOMPSON and          ) **Case No. 09 CV 2143 DMS POR**
    GENE ROBERT THOMPSON,          )
                                   ) **FIRST AMENDED COMPLAINT SEEKING**
12                                 ) **MONETARY DAMAGES, STATUTORY**
        Plaintiffs,                ) **DAMAGES, PUNITIVE DAMAGES,**
13                                 ) **INJUNCTIVE RELIEF AND DECLARATORY**
                                   ) **RELIEF, FOR:**
14  vs.                            )
                                   ) **1) VIOLATION OF CAL. CIV. CODE §1788.17,**
15                                 )    **(under 15 U.S.C. §1692c(a)(2));**
    CHASE BANK USA, N.A. and IC    ) **2) VIOLATION OF CAL. CIV. CODE §1788.17,**
16  SYSTEMS, INC and DOES 1 through)    **(under 15 U.S.C. §1692c(c));**
    10, inclusive                  ) **3) VIOLATION OF CAL. CIV. CODE**
17                                 )    **§1788.14(c);**
                                   ) **4) VIOLATION OF CAL. CIV. CODE §1788.17,**
18      Defendants.                )    **(under 15 U.S.C. §1692d(5));**
                                   ) **5) VIOLATION OF CAL. CIV. CODE**
19  _____)       **§1788.11(e);**
                                   ) **6) VIOLATION OF CAL. CIV. CODE §1788.17,**
20                                      **(under 15 U.S.C. §1692c(a)(1))**
                                      **7) VIOLATION OF CAL. CIV. CODE §1788.17,**
21                                      **(under 15 U.S.C. §1692e(8))**
                                      **8) VIOLATION OF CAL. CIV. CODE**
22                                      **§1785.25**
                                      **9) INVASION OF PRIVACY (INTRUSION**
23                                      **UPON SECLUSION);**
                                      **10) NEGLIGENCE;**
24                                      **11) INTENTIONAL INFLICTION OF**
                                          **EMOTIONAL DISTRESS**
25                                      **12) TORT IN SE; and**
                                      **13) LIBEL**
26

27                                      **AMOUNT IN CONTROVERSY: $78,899.00**

28
                                        **JURY TRIAL DEMANDED**

1  Karen S. Spicker, SBN 127934
   Doan Law Firm, LLP
2  2850 Pio Pico Drive, Suite D
   Carlsbad, CA 92008
3  Phone (760) 450-3333 • Fax (760) 720-6082
   karen@doanlaw.com
4

5  Attorney for PLAINTIFFS

6

7

8                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                     NORTH COUNTY JUDICIAL DISTRICT

10
   PATRICIA THOMPSON and          )  Case No.
11 GENE ROBERT THOMPSON,          )
                                  )  **COMPLAINT SEEKING MONETARY**
12                                )  **DAMAGES, STATUTORY DAMAGES,**
        Plaintiffs,               )  **PUNITIVE DAMAGES, INJUNCTIVE RELIEF**
13                                )  **AND DECLARATORY RELIEF, FOR:**
                                  )
14 vs.                            )  **1) VIOLATION OF CAL. CIV. CODE §1788.17,**
                                  )     **(under 15 U.S.C. §1692c(a)(2));**
15                                )  **2) VIOLATION OF CAL. CIV. CODE §1788.17,**
   CHASE BANK USA, N.A. and IC    )     **(under 15 U.S.C. §1692c(c));**
16 SYSTEMS, INC and DOES 1 through )  **3) VIOLATION OF CAL. CIV. CODE**
   10, inclusive                  )     **§1788.14(c);**
17                                )  **4) VIOLATION OF CAL. CIV. CODE §1788.17,**
                                  )     **(under 15 U.S.C. §1692d(5));**
18      Defendants.               )  **5) VIOLATION OF CAL. CIV. CODE**
                                  )     **§1788.11(e);**
19 _____  )  **6) VIOLATION OF CAL. CIV. CODE §1788.17,**
                                  )     **(under 15 U.S.C. §1692c(a)(1))**
20                                   **7) VIOLATION OF CAL. CIV. CODE §1788.17,**
                                        **(under 15 U.S.C. §1692e(8))**
21                                   **8) VIOLATION OF CAL. CIV. CODE**
                                        **§1785.25**
22                                   **9) INVASION OF PRIVACY (INTRUSION**
                                        **UPON SECLUSION);**
23                                   **10) NEGLIGENCE;**
                                     **11) INTENTIONAL INFLICTION OF**
24                                      **EMOTIONAL DISTRESS**
                                     **12) TORT IN SE; and**
25                                   **13) LIBEL**

26
                                     **AMOUNT IN CONTROVERSY: $78,899.00**
27

28                                   **JURY TRIAL DEMANDED**

**I.**

**INTRODUCTION**

1.  Plaintiffs PATRICIA THOMPSON and GENE ROBERT THOMPSON, (hereinafter "THOMPSON" or "PLAINTIFFS"), bring this lawsuit against CHASE BANK USA, N.A. (formally Washington Mutual), (hereinafter "CHASE" or "DEFENDANTS") and IC SYSTEMS, INC., (hereinafter "IC" or "DEFENDANTS"), for violations of California Civil Code §§1785.25, 1788. 11, 1788.14, 1788.17 and 15 U.S.C. §1666(b), and other Torts as alleged herein.

**II.**

**FINDINGS AND PURPOSE OF CALIFORNIA CIVIL CODE §1788 et. seq. the RFDCPA  VIOLATED BY DEFENDANTS**

2.  The California Legislature made the following **findings** and **purpose** in creating the **RFDCPA**:

> *(1)   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*
>
> *(2)   There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*
>
> *(b)   It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

3.  On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair Debt Collection Practices Act ("FDCPA"), which also superceded numerous provisions

1     of the RFDCPA, such as Civil Code §1788.14, to extent inconsistent, and which was

2     enacted in 1977, before Civil Code §1788.17.

3   4.   The United States Congress made the following **findings** and declaration of **purpose** in

4     enacting the **FDCPA**:

5        *(a) Abusive practices. There is abundant evidence of the use of abusive,*

6        *deceptive, and unfair debt collection practices by many debt collectors. Abusive*

7        *debt collection practices contribute to the number of personal bankruptcies, to*

8        *marital instability, to the loss of jobs, and to invasions of individual privacy.*

9        *(b) Inadequacy of laws. Existing laws and procedures for redressing these*

10       *injuries are inadequate to protect consumers.*

11       *(e) Purposes. It is the purpose of this title [15 U.S.C.S. §§ 1692 et seq.] to*

12       *eliminate abusive debt collection practices by debt collectors, to insure that those*

13       *debt collectors who refrain from using abusive debt collection practices are not*

14       *competitively disadvantaged, and to promote consistent State action to protect*

15       *consumers against debt collection abuses.*

16

17                                **III.**

18                       **JURISDICTION**

19   5.   Jurisdiction of this Court arises under California Code Civil Procedure 410.10 et seq.

20

21                                **IV.**

22                          **PARTIES**

23   6.   At all times alleged herein, Plaintiffs are individuals who reside in the City of Lakeside,

24     County of San Diego, State of California and from whom Defendants sought to collect a

25     consumer debt which was due and owing from Plaintiffs or alleged to be due and owing

26     from Plaintiffs.

27   7.   Plaintiffs are informed and believe and thereon allege that Defendant,

28     CHASE BANK USA, N.A., is a corporation and/or some other unknown type of business

---
**FIRST AMENDED COMPLAINT**
4

1      entity.

2   8.   Plaintiffs are informed and believe and thereon allege, that Defendants and each of them

3      are in the business of issuing credit cards on a nationwide basis, including to individuals

4      residing in the County of San Diego, State of California.

5   9.   On September 26, 2008, Defendant WASHINGTON MUTUAL filed for Chapter 11

6      bankruptcy protection. All of Defendant WASHINGTON MUTUAL's assets and most of

7      said defendant's liabilities were assumed by Defendant JP MORGAN CHASE. Thus,

8      CHASE stepped into the shoes of WASHINGTON MUTUAL and assumed all notices

9      received by WASHINGTON MUTUAL. Plaintiffs are informed and believe that

10      Defendant JP MORGAN CHASE is a corporation and/or some other type of unknown

11      business entity.

12   10.   Plaintiffs are informed and believe and thereon allege, that Defendants and each of them

13      are in the business of issuing credit cards on a nationwide basis, including to individuals

14      residing in the County of San Diego, State of California.

15   11.   Plaintiffs are informed and believe and thereon allege that Defendant, IC, is a corporation

16      and/or some other unknown type of business entity.

17   12.   Plaintiffs are informed and believe and thereon allege, that Defendants and each of them

18      are a debt collector and in the business of collecting debt on a nationwide basis, including

19      to individuals residing in the County of San Diego, State of California.

20   13.   Defendants and each of them are not attorneys or counselors at law, and in the ordinary

21      course of business Defendants and each of them, regularly engage in debt collection as

22      that terms is defined in California Civil Code §1788.2. Defendants and each of them are

23      "debt collector(s)," as that term is defined by California Civil Code §1788.2(c) and each

24      Defendant is a "person" as that term is defined by California Civil Code § 1788.2 (g).

25   14.   The true names and capacities, whether individual, corporate, associate or other, of the

26      Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiffs, who

27      sued Defendants by such fictitious names pursuant to Code of Civil Procedure §474.

28      When the true names and capacities of such Defendants are ascertained, Plaintiffs shall

amend this complaint to allege the same. Plaintiffs are informed and believe, and based thereon allege, that each such fictitiously named Defendant herein is responsible for each of the acts and omissions alleged herein.

15. For purposes of this Complaint, unless otherwise indicated, "Defendant(s)" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant(s) herein.

16. The Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

17. This case involves money, property, or the equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

## V.

## FACTS

### Plaintiffs Retained Doan Law Firm, LLP:

18. Defendants, and each of them, allege that Plaintiffs incurred a "debt" with them, as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. §1692a(5).

19. On February 16, 2009, Plaintiffs retained DOAN LAW FIRM, LLP, to dispute the validity of the debt, to end communications on the debt under RFDCPA, to eliminate all personal liability on the debt via Title 11 of the United States Code, and ensure that creditors accurately and completely report account information to each credit reporting bureau.

20. Specifically, DOAN LAW FIRM, LLP was retained to provide the following five (5) services:

1) Stop all future communications and harassment from creditors using Civil Code §1788.14 and §1788.17 of the RFDCPA (under 15 U.S.C. §§1692 et. seq), and

1    15 U.S.C. § 1666(b), of the FCBA;

2    2)   Dispute the validity of the debt alleged based on 15 U.S.C. §§ 1692b and 1692c,

3    among other things, the statute of fraud, standing in light of securitization, set off

4    rights, improper fees and interest charges and other state and federal statutes;

5    3)   Ensure that creditors comply with Civil Code §1785.25, and correctly and

6    accurately report to credit reporting agencies information about Plaintiffs'

7    account, and fact that the enforceability was disputed;

8    4)   Eliminate personal liability using Title 11 of the U.S. Code; and

9    5)   Ensure creditors comply with Civil Code §1785.25 and the Fair Credit Reporting

10   Act (FCRA).

11   21.  Plaintiffs paid money to DOAN LAW FIRM, LLP for the foregoing services.

12   22.  The purported debt owed to Defendants is currently subject of a Chapter 13 Bankruptcy.

13   Once discharged Defendants have no further contractual rights to enforce the debt against

14   Plaintiffs and Plaintiffs have no obligation to pay Defendants.

15

16   **Legal Help Was Provided To Protect Plaintiffs From Defendants:**

17   23.  Prior to filing Bankruptcy, DOAN LAW FIRM, LLP sent a written "Cease and Desist

18   Orders," dated February 19, 2009 directing Defendants to cease all communications with

19   Plaintiffs. A true and correct copy of the Cease and Desist Order is attached hereto as

20   Exhibit "A" and incorporated herein.

21   24.  The Cease and Desist letter dated February 19, 2009, was sent via certified mail to

22   Washington Mutual/ Providian PO Box 9180 Pleasanton, CA 94566. The return receipt

23   verified that the Cease and Desist letter was received on March 9th, 2009. A true and

24   correct copy of the certified mail receipt is attached hereto as Exhibit "A" and

25   incorporated herein. By February 19, 2009, Defendants CHASE assumed all assets and

26   liability of WASHINGTON MUTUAL and was operating in its place. As such

27   Defendants received notice of the same as evidenced by the certified mail receipt.

28   ///

25. These bankruptcy services were provided to Plaintiffs during the time their Chapter 13 case was being prepared in order to help Plaintiffs from being constantly harassed and abused by creditors, using state and federal laws specifically designed for such purposes.

26. The written Order(s) to Defendants specifically provided the following:

   a) Plaintiffs would soon be filing for Title 11 Federal Protection;

   b) Advised that Plaintiffs refused to pay the debt;

   c) Advised that Plaintiffs disputed the validity of the debt;

   d) Advised that there was now attorney representation by the DOAN LAW FIRM, LLP with respect to the debt;

   d) Ordered that Defendants Cease and Desist all further communications with Plaintiffs with respect to the debt; and

   e) Advised that billing statements should be sent to a new address at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

### Defendants Had Actual Knowledge Of Attorney Representation:

27. Defendants physically received and had actual knowledge of the Cease and Desist Order(s), as evidence by the certified mail receipt, Exhibit "A", dated March 9, 2009.

28. Defendants had actual knowledge of **attorney representation** by the DOAN LAW FIRM, LLP. In addition, sometime during March through May Plaintiff Patricia Thompson did give verbal notice to Defendants to stop calling. Thus, Defendants had written and verbal notice.

29. Defendants actually knew it had to **Cease and Desist** all further communications with Plaintiffs with respect to the debt.

30. Defendants actually knew Plaintiffs **refused to pay** the debt.

31. Defendants actually knew Plaintiffs **disputed the validity** of the debt.

32. Defendants actually knew Plaintiffs were preparing to file for **Federal Relief under Title 11**.

///

33. Defendants actually **knew that they were now prohibited from contacting** the Plaintiffs by all means.

34. Defendants actually knew they could no longer call, write, send billing statements, statements of account, or any other communication, except legal process to Plaintiffs.

35. Defendants knew it could only communicate with DOAN LAW FIRM, LLP.

36. Defendants knew they could only call, write, send billing statements, and send statements of account, to DOAN LAW FIRM, LLP at the new address provided.

37. The Official Staff Commentary on Regulation Z 226.2(a)(22)-2 specifically provides that such communications to Plaintiff's attorneys instead of Plaintiff still ensures compliance with all TILA regulations:

> *"An attorney and his or her client <u>are considered to be the same person for</u>*
> *<u>purpose of this regulation</u> when the attorney is acting within the scope of the*
> *attorney-client relationship with regard to a particular transaction"* (emphasis
> added)

38. Defendants knowingly and willfully refused to acknowledge the request to change the address for the billing statements, refused to make the correction, and never updated its system to change the billing statement address, all in violation of 15 U.S.C. §1666(b)6.

39. Defendants knew that any further communications of any kind with Plaintiffs was prohibited, unlawful, illegal, and would subject it to liability damages.

## Defendants Committed Unlawful Acts by Providing Incomplete and Inaccurate Information

40. Plaintiffs sent Defendants a written Cease and Desist order dated February 19, 2009 via certified mail, Exhibit "A." Defendant CHASE stepped into shoes of WASHINGTON MUTUAL and assumed all assets and liabilities prior to February 19, 2009 and as such Defendants were put on notice.

41. Plaintiffs received proof of delivery of the Cease and Desist letter by way of certified mail return receipt, dated March 9, 2009, Exhibit "A."

42. The written Cease and Desist Order sent by Plaintiffs to Defendants clearly stated that the Plaintiffs "disputed the validity of the alleged debt."

43. Plaintiffs disputed the debt based on among other reasons, the statute of frauds, standing in light of securitization, setoff rights, improper fees and interest charges, and other state and federal laws governing the ability to enforce the debt.

44. Defendants and each of them willfully, intentionally, consistently and purposely represented and reported each month to all three credit reporting bureaus (Experian, Equifax, and Transunion) that this account was not disputed. This was a willful and intentional violation of Civil Code §1785.25(a).

45. Notwithstanding actual knowledge of the disputed liability on the debt, from about March of 2009 through present, Defendants willfully, intentionally, consistently and purposely represented each month to credit reporting agencies that the debt was NOT disputed by the Plaintiffs.

46. Each month's intentional misrepresentation that Plaintiffs did not dispute the debt, resulted in numerous reports of incomplete and inaccurate information.

47. As a result of Defendants conduct as alleged herein, Plaintiffs' credit report reflected on a monthly basis false, incomplete, and inaccurate information.

## **Defendants Committed (257) Unlawful Acts in**
## **Repeatedly and Incessantly Telephoning the Plaintiff**

48. Despite knowledge of attorney representation, Defendants intentionally, willfully, deliberately, and knowingly, refused to abide by the laws of the RFDCPA, FDCPA and the FCBA, as set forth in the Cease and Desist Order, and communicated with Plaintiffs with regard to the alleged debt.

49. Specifically, Defendants continued communications with Plaintiffs, as further evidenced by the letters and billing statements, true and correct copies of the same are attached hereto collectively as Exhibit "B" and incorporated herein.

///

50. From March 19, 2009 through May 28, 2009, Defendants incessantly and repeatedly made multiple telephone calls to Plaintiffs, despite the fact that they received a Cease and Desist letter, Exhibit "A."

51. For example, between March 19, 2009 and March 31, 2009, an unrelenting seventy-eight (78) calls, were made in thirteen (13) consecutive days by the Defendants to the Plaintiffs and between April 6, 2009 and May 1, 2009 the Defendants placed ninety-eight (98) calls to the Plaintiffs, in twenty-six (26) consecutive days. In addition, between May 6, 2009 and May 23, 2009, the Defendants placed seventy-six (76) calls to the Plaintiffs, in eighteen (18) consecutive days.

52. Defendants violated California Civil Code §1788.11(e) since Defendants came into contact with Plaintiffs by calling, at minimum, five times (5) a day on eighty-three (83) different days. By way of example: between the months of March 2009 and May 2009, the Defendants contacted the Plaintiff at least five (5) times a day on six (6) separate days; at least six (6) times a day on six (6) separate days; at least seven (7) times a day; one (1) time; at least eight (8) time a day on six (6) separate days; at least nine (9) times a day on four (4) separate days, at least ten (10) times a day on one (1) day; and at least eleven (11) times a day; on two (2) separate days.

53. Defendants placed calls to Plaintiffs on a consecutive basis, by way of example: between March 19, 2009 and March 31, 2009 on thirteen (13) consecutive days, Defendants called Plaintiffs seventy-eight (78) calls; between April 4, 2009 and May 1, 2009 Defendants called Plaintiffs an unwavering ninety-eight (98) times in only twenty-six (26) days and between May 6, 2009 and May 23, 2009, in eighteen (18) consecutive days Defendants called Plaintiffs seventy-six (76) times.

54. The barrage of calls is evidence of a pattern and practice wherein the Defendants engaged in unlawful harassment and abuse to coerce payment.

55. Upon receiving payment, Defendants represented that the harassment and abuse would stop and Defendants would restore to Plaintiffs to their right to privacy and peace of mind.

56.    The unlawful contact by Defendants can be summarized by the following chart:

| | | | RFDCPA Violations | | | |
|---|---|---|---|---|---|---|
| | | | **Thompson v. JP Morgan/Chase** | | | |
| | | | **Notices of Cease and Desist (See Exhibit "A")** | | | |
| | **Date** | **Type** | | | **Notes** | |
| | 2/19/2009 | Cease and Desist Letter | | | Initial Notification | |
| | 3/9/3009 | Cease and Desist Letter was Received | | | Confirmation | |
| | | | **Two Hundred Fifty Nine (259) Violations (See Exhibit "B")** | | | |
| 1 | 3/19/2009 | 10:06 AM | Phone Call | | Called despite notice 1 | |
| 2 | 3/19/2009 | 10:34 AM | Phone Call | | Called despite notice 1 | |
| 3 | 3/19/2009 | 11:57 AM | Phone Call | | Called despite notice 1 | |
| 4 | 3/19/2009 | 4:15 PM | Phone Call | | Called despite notice 1 | |
| 5 | 3/19/2009 | 4:37 PM | Phone Call | | Called despite notice 1 | |
| 6 | 3/19/2009 | 6:16 PM | Phone Call | | Called despite notice 1 | |
| 7 | 3/19/2009 | 7:10 PM | Phone Call | | Called despite notice 1 | |
| 8 | 3/19/2009 | 7:32 PM | Phone Call | | Called despite notice 1 | |
| 9 | 3/19/2009 | 7:49 PM | Phone Call | | Called despite notice 1 | |
| 10 | 3/20/2009 | 12:09 PM | Phone Call | | Called despite notice 1 | |
| 11 | 3/20/2009 | 6:54 PM | Phone Call | | Called despite notice 1 | |
| 12 | 3/21/2009 | 2:29 PM | Phone Call | | Called despite notice 1 | |
| 13 | 3/22/2009 | 9:08 AM | Phone Call | | Called despite notice 1 | |
| 14 | 3/22/2009 | 3:54 PM | Phone Call | | Called despite notice 1 | |
| 15 | 3/23/2009 | 12:00 PM | Phone Call | | Called despite notice 1 | |
| 16 | 3/23/2009 | 1:03 PM | Phone Call | | Called despite notice 1 | |
| 17 | 3/24/2009 | 10:36 AM | Phone Call | | Called despite notice 1 | |
| 18 | 3/25/2009 | 9:28 AM | Phone Call | | Called despite notice 1 | |
| 19 | 3/25/2009 | 10:40 AM | Phone Call | | Called despite notice 1 | |
| 20 | 3/25/2009 | 11:27 AM | Phone Call | | Called despite notice 1 | |
| 21 | 3/25/2009 | 12:58 PM | Phone Call | | Called despite notice 1 | |
| 22 | 3/25/2009 | 1:35 PM | Phone Call | | Called despite notice 1 | |
| 23 | 3/25/2009 | 2:23 PM | Phone Call | | Called despite notice 1 | |
| 24 | 3/25/2009 | 3:52 PM | Phone Call | | Called despite notice 1 | |
| 25 | 3/25/2009 | 5:53 PM | Phone Call | | Called despite notice 1 | |
| 26 | 3/25/2009 | 6:15 PM | Phone Call | | Called despite notice 1 | |
| 27 | 3/25/2009 | 6:51 PM | Phone Call | | Called despite notice 1 | |
| 28 | 3/25/2009 | 7:51 PM | Phone Call | | Called despite notice 1 | |
| 29 | 3/26/2009 | 11:04 AM | Phone Call | | Called despite notice 1 | |
| 30 | 3/26/2009 | 11:32 AM | Phone Call | | Called despite notice 1 | |
| 31 | 3/26/2009 | 12:29 PM | Phone Call | | Called despite notice 1 | |
| 32 | 3/26/2009 | 12:50 PM | Phone Call | | Called despite notice 1 | |
| 33 | 3/26/2009 | 1:26 PM | Phone Call | | Called despite notice 1 | |
| 34 | 3/26/2009 | 1:57 PM | Phone Call | | Called despite notice 1 | |
| 35 | 3/26/2009 | 6:01 PM | Phone Call | | Called despite notice 1 | |
| 36 | 3/26/2009 | 6:35 PM | Phone Call | | Called despite notice 1 | |
| 37 | 3/26/2009 | 7:19 PM | Phone Call | | Called despite notice 1 | |
| 38 | 3/26/2009 | 7:47 PM | Phone Call | | Called despite notice 1 | |
| 39 | 3/27/2009 | 10:11 AM | Phone Call | | Called despite notice 1 | |
| 40 | 3/27/2009 | 10:33 AM | Phone Call | | Called despite notice 1 | |

| 41 | 3/27/2009 | 12:45 PM | Phone Call | Called despite notice 1 | |
| 42 | 3/27/2009 | 1:06 PM | Phone Call | Called despite notice 1 | |
| 43 | 3/27/2009 | 3:47 PM | Phone Call | Called despite notice 1 | |
| 44 | 3/27/2009 | 6:09 PM | Phone Call | Called despite notice 1 | |
| 45 | 3/27/2009 | 6:58 PM | Phone Call | Called despite notice 1 | |
| 46 | 3/27/2009 | 7:26 PM | Phone Call | Called despite notice 1 | |
| 47 | 3/28/2009 | 11:02 AM | Phone Call | Called despite notice 1 | |
| 48 | 3/28/2009 | 11:48 AM | Phone Call | Called despite notice 1 | |
| 49 | 3/28/2009 | 3:02 PM | Phone Call | Called despite notice 1 | |
| 50 | 3/28/2009 | 4:35 PM | Phone Call | Called despite notice 1 | |
| 51 | 3/28/2009 | 5:34 PM | Phone Call | Called despite notice 1 | |
| 52 | 3/28/2009 | 6:28 PM | Phone Call | Called despite notice 1 | |
| 53 | 3/28/2009 | 6:56 PM | Phone Call | Called despite notice 1 | |
| 54 | 3/28/2009 | 7:22 PM | Phone Call | Called despite notice 1 | |
| 55 | 3/28/2009 | 7:57 PM | Phone Call | Called despite notice 1 | |
| 56 | 3/29/2009 | 10:50 AM | Phone Call | Called despite notice 1 | |
| 57 | 3/29/2009 | 11:58 AM | Phone Call | Called despite notice 1 | |
| 58 | 3/29/2009 | 1:01 PM | Phone Call | Called despite notice 1 | |
| 59 | 3/29/2009 | 2:05 PM | Phone Call | Called despite notice 1 | |
| 60 | 3/29/2009 | 3:10 PM | Phone Call | Called despite notice 1 | |
| 61 | 3/29/2009 | 6:42 PM | Phone Call | Called despite notice 1 | |
| 62 | 3/29/2009 | 7:19 PM | Phone Call | Called despite notice 1 | |
| 63 | 3/29/2009 | 7:38 PM | Phone Call | Called despite notice 1 | |
| 64 | 3/29/2009 | 7:55 PM | Phone Call | Called despite notice 1 | |
| 65 | 3/30/2009 | 11:03 AM | Phone Call | Called despite notice 1 | |
| 66 | 3/30/2009 | 1:08 PM | Phone Call | Called despite notice 1 | |
| 67 | 3/30/2009 | 2:13 PM | Phone Call | Called despite notice 1 | |
| 68 | 3/30/2009 | 4:00 PM | Phone Call | Called despite notice 1 | |
| 69 | 3/30/2009 | 6:40 PM | Phone Call | Called despite notice 1 | |
| 70 | 3/30/2009 | 7:11 PM | Phone Call | Called despite notice 1 | |
| 71 | 3/30/2009 | 7:38 PM | Phone Call | Called despite notice 1 | |
| 72 | 3/30/2009 | 8:00 PM | Phone Call | Called despite notice 1 | |
| 73 | 3/31/2009 | 8:40 AM | Phone Call | Called despite notice 1 | |
| 74 | 3/31/2009 | 11:36 AM | Phone Call | Called despite notice 1 | |
| 75 | 3/31/2009 | 3:27 PM | Phone Call | Called despite notice 1 | |
| 76 | 3/31/2009 | 6:18 PM | Phone Call | Called despite notice 1 | |
| 77 | 3/31/2009 | 7:04 PM | Phone Call | Called despite notice 1 | |
| 78 | 3/31/2009 | 7:48 PM | Phone Call | Called despite notice 1 | |
| 79 | 4/2/2009 | | Letter | Sent despite notice 1 | |
| 80 | 4/3/2009 | 4:52 PM | Phone Call | Called despite notice 1 | IC |
| 81 | 4/6/2009 | 9:22 AM | Phone Call | Called despite notice 1 | IC |
| 82 | 4/7/2009 | 8:51 AM | Phone Call | Called despite notice 1 | IC |
| 83 | 4/7/2009 | 12:58 PM | Phone Call | Called despite notice 1 | IC |
| 84 | 4/7/2009 | 4:35 PM | Phone Call | Called despite notice 1 | IC |
| 85 | 4/8/2009 | 9:41 AM | Phone Call | Called despite notice 1 | IC |
| 86 | 4/8/2009 | 1:43 PM | Phone Call | Called despite notice 1 | IC |
| 87 | 4/9/2009 | 9:03 AM | Phone Call | Called despite notice 1 | IC |
| 88 | 4/9/2009 | 1:16 PM | Phone Call | Called despite notice 1 | IC |
| 89 | 4/9/2009 | 6:35 PM | Phone Call | Called despite notice 1 | IC |
| 90 | 4/10/2009 | | Billing Statement | Sent despite notice 1 | |
| 91 | 4/10/2009 | 9:43 AM | Phone Call | Called despite notice 1 | IC |
| 92 | 4/10/2009 | 11:54 AM | Phone Call | Called despite notice 1 | IC |
| 93 | 4/11/2009 | 8:45 AM | Phone Call | Called despite notice 1 | IC |
| 94 | 4/11/2009 | 1:17 PM | Phone Call | Called despite notice 1 | IC |

| | | | | | |
|---|---|---|---|---|---|
| 95 | 4/11/2009 | 5:26 PM | Phone Call | Called despite notice 1 | IC |
| 96 | 4/12/2009 | 2:49 PM | Phone Call | Called despite notice 1 | IC |
| 97 | 4/13/2009 | 9:35 AM | Phone Call | Called despite notice 1 | IC |
| 98 | 4/13/2009 | 2:03 PM | Phone Call | Called despite notice 1 | IC |
| 99 | 4/13/2009 | 6:55 PM | Phone Call | Called despite notice 1 | IC |
| 100 | 4/14/2009 | 8:35 AM | Phone Call | Called despite notice 1 | IC |
| 101 | 4/14/2009 | 11:36 AM | Phone Call | Called despite notice 1 | IC |
| 102 | 4/14/2009 | 3:42 PM | Phone Call | Called despite notice 1 | IC |
| 103 | 4/14/2009 | 6:39 PM | Phone Call | Called despite notice 1 | IC |
| 104 | 4/15/2009 | 8:54 PM | Phone Call | Called despite notice 1 | IC |
| 105 | 4/15/2009 | 12:01 PM | Phone Call | Called despite notice 1 | IC |
| 106 | 4/15/2009 | 12:53 PM | Phone Call | Called despite notice 1 | IC |
| 107 | 4/15/2009 | 6:47 PM | Phone Call | Called despite notice 1 | IC |
| 108 | 4/16/2009 | 8:37 AM | Phone Call | Called despite notice 1 | IC |
| 109 | 4/16/2009 | 9:25 AM | Phone Call | Called despite notice 1 | |
| 110 | 4/16/2009 | 12:41 PM | Phone Call | Called despite notice 1 | |
| 111 | 4/16/2009 | 1:00 PM | Phone Call | Called despite notice 1 | |
| 112 | 4/16/2009 | 2:13 PM | Phone Call | Called despite notice 1 | |
| 113 | 4/16/2009 | 2:33 PM | Phone Call | Called despite notice 1 | |
| 114 | 4/17/2009 | 8:16 AM | Phone Call | Called despite notice 1 | |
| 115 | 4/17/2009 | 8:38 AM | Phone Call | Called despite notice 1 | |
| 116 | 4/18/2009 | 11:35 AM | Phone Call | Called despite notice 1 | |
| 117 | 4/18/2009 | 5:36 PM | Phone Call | Called despite notice 1 | |
| 118 | 4/19/2009 | 10:28 AM | Phone Call | Called despite notice 1 | IC |
| 119 | 4/19/2009 | 3:05 PM | Phone Call | Called despite notice 1 | IC |
| 120 | 4/19/2009 | 6:56 PM | Phone Call | Called despite notice 1 | IC |
| 121 | 4/20/2009 | 11:06 AM | Phone Call | Called despite notice 1 | IC |
| 122 | 4/20/2009 | 2:16 PM | Phone Call | Called despite notice 1 | IC |
| 123 | 4/20/2009 | 4:41 PM | Phone Call | Called despite notice 1 | IC |
| 124 | 4/20/2009 | 6:54 PM | Phone Call | Called despite notice 1 | IC |
| 125 | 4/21/2009 | 8:47 AM | Phone Call | Called despite notice 1 | IC |
| 126 | 4/21/2009 | 10:13 AM | Phone Call | Called despite notice 1 | IC |
| 127 | 4/21/2009 | 6:36 PM | Phone Call | Called despite notice 1 | IC |
| 128 | 4/22/2009 | 8:38 AM | Phone Call | Called despite notice 1 | IC |
| 129 | 4/22/2009 | 11:38 AM | Phone Call | Called despite notice 1 | |
| 130 | 4/22/2009 | 12:08 PM | Phone Call | Called despite notice 1 | IC |
| 131 | 4/22/2009 | 4:29 PM | Phone Call | Called despite notice 1 | IC |
| 132 | 4/22/2009 | 6:38 PM | Phone Call | Called despite notice 1 | IC |
| 133 | 4/23/2009 | 8:46 AM | Phone Call | Called despite notice 1 | IC |
| 134 | 4/23/2009 | 10:13 AM | Phone Call | Called despite notice 1 | IC |
| 135 | 4/23/2009 | 10:14 AM | Phone Call | Called despite notice 1 | |
| 136 | 4/23/2009 | 10:35 AM | Phone Call | Called despite notice 1 | |
| 137 | 4/23/2009 | 1:06 PM | Phone Call | Called despite notice 1 | IC |
| 138 | 4/23/2009 | 2:26 PM | Phone Call | Called despite notice 1 | |
| 139 | 4/23/2009 | 2:47 PM | Phone Call | Called despite notice 1 | |
| 140 | 4/23/2009 | 5:35 PM | Phone Call | Called despite notice 1 | |
| 141 | 4/24/2009 | 8:24 AM | Phone Call | Called despite notice 1 | IC |
| 142 | 4/24/2009 | 10:05 AM | Phone Call | Called despite notice 1 | IC |
| 143 | 4/24/2009 | 12:33 PM | Phone Call | Called despite notice 1 | IC |
| 144 | 4/24/2009 | 5:25 PM | Phone Call | Called despite notice 1 | IC |
| 145 | 4/25/2009 | 8:24 AM | Phone Call | Called despite notice 1 | IC |
| 146 | 4/26/2009 | 8:46 AM | Phone Call | Called despite notice 1 | IC |
| 147 | 4/26/2009 | 11:44 AM | Phone Call | Called despite notice 1 | IC |
| 148 | 4/26/2009 | 6:58 PM | Phone Call | Called despite notice 1 | IC |
| 149 | 4/27/2009 | 8:17 AM | Phone Call | Called despite notice 1 | IC |

| 150 | 4/27/2009 | 11:44 AM | Phone Call | Called despite notice 1 | |
| 151 | 4/27/2009 | 12:55 PM | Phone Call | Called despite notice 1 | IC |
| 152 | 4/27/2009 | 3:57 PM | Phone Call | Called despite notice 1 | IC |
| 153 | 4/27/2009 | 5:27 PM | Phone Call | Called despite notice 1 | IC |
| 154 | 4/28/2009 | 9:27 AM | Phone Call | Called despite notice 1 | IC |
| 155 | 4/28/2009 | 10:03 AM | Phone Call | Called despite notice 1 | |
| 156 | 4/28/2009 | 11:25 AM | Phone Call | Called despite notice 1 | IC |
| 157 | 4/28/2009 | 12:46 PM | Phone Call | Called despite notice 1 | |
| 158 | 4/28/2009 | 1:27 PM | Phone Call | Called despite notice 1 | IC |
| 159 | 4/28/2009 | 2:39 PM | Phone Call | Called despite notice 1 | |
| 160 | 4/28/2009 | 3:42 PM | Phone Call | Called despite notice 1 | IC |
| 161 | 4/28/2009 | 4:15 PM | Phone Call | Called despite notice 1 | |
| 162 | 4/28/2009 | 4:25 PM | Phone Call | Called despite notice 1 | IC |
| 163 | 4/29/2009 | 8:54 AM | Phone Call | Called despite notice 1 | IC |
| 164 | 4/29/2009 | 12:00 PM | Phone Call | Called despite notice 1 | IC |
| 165 | 4/29/2009 | 4:28 PM | Phone Call | Called despite notice 1 | IC |
| 166 | 4/29/2009 | 5:51 PM | Phone Call | Called despite notice 1 | |
| 167 | 4/29/2009 | 6:38 PM | Phone Call | Called despite notice 1 | IC |
| 168 | 4/30/2009 | 8:46 AM | Phone Call | Called despite notice 1 | IC |
| 169 | 4/30/2009 | 9:51 AM | Phone Call | Called despite notice 1 | |
| 170 | 4/30/2009 | 11:02 AM | Phone Call | Called despite notice 1 | |
| 171 | 4/30/2009 | 11:04 AM | Phone Call | Called despite notice 1 | IC |
| 172 | 4/30/2009 | 2:24 PM | Phone Call | Called despite notice 1 | IC |
| 173 | 4/30/2009 | 6:37 PM | Phone Call | Called despite notice 1 | IC |
| 174 | 5/1/2009 | 8:36 AM | Phone Call | Called despite notice 1 | IC |
| 175 | 5/1/2009 | 10:47 AM | Phone Call | Called despite notice 1 | IC |
| 176 | 5/1/2009 | 11:39 AM | Phone Call | Called despite notice 1 | |
| 177 | 5/1/2009 | 1:31 PM | Phone Call | Called despite notice 1 | IC |
| 178 | 5/1/2009 | 3:23 PM | Phone Call | Called despite notice 1 | IC |
| 179 | 5/1/2009 | 5:38 PM | Phone Call | Called despite notice 1 | IC |
| 180 | 5/6/2009 | 8:48 AM | Phone Call | Called despite notice 1 | IC |
| 181 | 5/6/2009 | 11:40 AM | Phone Call | Called despite notice 1 | IC |
| 182 | 5/6/2009 | 1:49 PM | Phone Call | Called despite notice 1 | |
| 183 | 5/6/2009 | 2:37 PM | Phone Call | Called despite notice 1 | IC |
| 184 | 5/6/2009 | 4:22 PM | Phone Call | Called despite notice 1 | |
| 185 | 5/6/2009 | 4:44 PM | Phone Call | Called despite notice 1 | |
| 186 | 5/6/2009 | 5:51 PM | Phone Call | Called despite notice 1 | |
| 187 | 5/6/2009 | 6:51 PM | Phone Call | Called despite notice 1 | IC |
| 188 | 5/7/2009 | 8:37 AM | Phone Call | Called despite notice 1 | IC |
| 189 | 5/7/2009 | 9:57 AM | Phone Call | Called despite notice 1 | IC |
| 190 | 5/7/2009 | 12:37 PM | Phone Call | Called despite notice 1 | IC |
| 191 | 5/7/2009 | 4:07 PM | Phone Call | Called despite notice 1 | IC |
| 192 | 5/7/2009 | 6:49 PM | Phone Call | Called despite notice 1 | IC |
| 193 | 5/8/2009 | 8:31 AM | Phone Call | Called despite notice 1 | IC |
| 194 | 5/8/2009 | 10:32 AM | Phone Call | Called despite notice 1 | IC |
| 195 | 5/8/2009 | 11:40 AM | Phone Call | Called despite notice 1 | |
| 196 | 5/8/2009 | 1:43 PM | Phone Call | Called despite notice 1 | IC |
| 197 | 5/8/2009 | 2:46 PM | Phone Call | Called despite notice 1 | |
| 198 | 5/8/2009 | 7:49 PM | Phone Call | Called despite notice 1 | |
| 199 | 5/9/2009 | 8:26 AM | Phone Call | Called despite notice 1 | IC |
| 200 | 5/9/2009 | 10:09 AM | Phone Call | Called despite notice 1 | IC |
| 201 | 5/9/2009 | 1:14 PM | Phone Call | Called despite notice 1 | IC |
| 202 | 5/9/2009 | 5:06 PM | Phone Call | Called despite notice 1 | IC |
| 203 | 5/10/2009 | 4:28 PM | Phone Call | Called despite notice 1 | IC |
| 204 | 5/11/2009 | 8:30 AM | Phone Call | Called despite notice 1 | IC |

| 205 | 5/11/2009 | 11:29 AM | Phone Call | Called despite notice 1 | |
| 206 | 5/11/2009 | 11:50 AM | Phone Call | Called despite notice 1 | |
| 207 | 5/11/2009 | 12:21 PM | Phone Call | Called despite notice 1 | IC |
| 208 | 5/12/2009 | 8:19 AM | Phone Call | Called despite notice 1 | IC |
| 209 | 5/12/2009 | 11:13 AM | Phone Call | Called despite notice 1 | IC |
| 210 | 5/12/2009 | 2:58 PM | Phone Call | Called despite notice 1 | IC |
| 211 | 5/12/2009 | 6:48 PM | Phone Call | Called despite notice 1 | IC |
| 212 | 5/13/2009 | 8:51 AM | Phone Call | Called despite notice 1 | IC |
| 213 | 5/13/2009 | 9:31 AM | Phone Call | Called despite notice 1 | |
| 214 | 5/13/2009 | 9:53 AM | Phone Call | Called despite notice 1 | |
| 215 | 5/13/2009 | 11:19 AM | Phone Call | Called despite notice 1 | IC |
| 216 | 5/13/2009 | 2:05 PM | Phone Call | Called despite notice 1 | IC |
| 217 | 5/13/2009 | 3:27 PM | Phone Call | Called despite notice 1 | |
| 218 | 5/13/2009 | 4:32 PM | Phone Call | Called despite notice 1 | IC |
| 219 | 5/13/2009 | 6:38 PM | Phone Call | Called despite notice 1 | IC |
| 220 | 5/14/2009 | 9:03 AM | Phone Call | Called despite notice 1 | IC |
| 221 | 5/14/2009 | 11:02 AM | Phone Call | Called despite notice 1 | IC |
| 222 | 5/15/2009 | 2:12 PM | Phone Call | Called despite notice 1 | IC |
| 223 | 5/16/2009 | 8:07 AM | Phone Call | Called despite notice 1 | |
| 224 | 5/16/2009 | 9:02 AM | Phone Call | Called despite notice 1 | IC |
| 225 | 5/16/2009 | 11:34 AM | Phone Call | Called despite notice 1 | IC |
| 226 | 5/16/2009 | 2:28 PM | Phone Call | Called despite notice 1 | IC |
| 227 | 5/16/2009 | 5:51 PM | Phone Call | Called despite notice 1 | IC |
| 228 | 5/17/2009 | 9:28 AM | Phone Call | Called despite notice 1 | IC |
| 229 | 5/17/2009 | 2:58 PM | Phone Call | Called despite notice 1 | IC |
| 230 | 5/17/2009 | 6:28 PM | Phone Call | Called despite notice 1 | IC |
| 231 | 5/18/2009 | 8:18 AM | Phone Call | Called despite notice 1 | IC |
| 232 | 5/18/2009 | 10:42 AM | Phone Call | Called despite notice 1 | |
| 233 | 5/18/2009 | 11:03 AM | Phone Call | Called despite notice 1 | |
| 234 | 5/18/2009 | 11:05 AM | Phone Call | Called despite notice 1 | IC |
| 235 | 5/18/2009 | 3:05 PM | Phone Call | Called despite notice 1 | IC |
| 236 | 5/18/2009 | 6:15 PM | Phone Call | Called despite notice 1 | IC |
| 237 | 5/18/2009 | 6:43 PM | Phone Call | Called despite notice 1 | IC |
| 238 | 5/19/2009 | 8:28 AM | Phone Call | Called despite notice 1 | IC |
| 239 | 5/19/2009 | 12:57 PM | Phone Call | Called despite notice 1 | IC |
| 240 | 5/19/2009 | 1:27 PM | Phone Call | Called despite notice 1 | |
| 241 | 5/19/2009 | 1:53 PM | Phone Call | Called despite notice 1 | |
| 242 | 5/19/2009 | 3:15 PM | Phone Call | Called despite notice 1 | IC |
| 243 | 5/19/2009 | 5:13 PM | Phone Call | Called despite notice 1 | IC |
| 244 | 5/19/2009 | 5:45 PM | Phone Call | Called despite notice 1 | |
| 245 | 5/19/2009 | 7:18 PM | Phone Call | Called despite notice 1 | |
| 246 | 5/20/2009 | 9:19 AM | Phone Call | Called despite notice 1 | IC |
| 247 | 5/20/2009 | 12:28 PM | Phone Call | Called despite notice 1 | IC |
| 248 | 5/21/2009 | 6:54 PM | Phone Call | Called despite notice 1 | |
| 249 | 5/22/2009 | 11:40 AM | Phone Call | Called despite notice 1 | |
| 250 | 5/22/2009 | 12:02 PM | Phone Call | Called despite notice 1 | |
| 251 | 5/22/2009 | 12:30 PM | Phone Call | Called despite notice 1 | IC |
| 252 | 5/22/2009 | 5:44 PM | Phone Call | Called despite notice 1 | |
| 253 | 5/22/2009 | 6:32 PM | Phone Call | Called despite notice 1 | IC |
| 254 | 5/23/2009 | 8:48 AM | Phone Call | Called despite notice 1 | IC |
| 255 | 5/23/2009 | 11:45 AM | Phone Call | Called despite notice 1 | IC |
| 256 | 5/25/2009 | 12:20 PM | Phone Call | Called despite notice 1 | |
| 257 | 5/26/2009 | 9:45 AM | Phone Call | Called despite notice 1 | IC |
| 258 | 5/27/2009 | 11:38 AM | Phone Call | Called despite notice 1 | IC |

| 259 | 5/28/2009 | 8:54 AM | Phone Call | Called despite notice 1 |

*IC indicates a call frm IC Systems, on Chase's behalf

**Defendants Willfully And Knowingly Violated the RFDCPA:**

57. As a "Debt Collector," Defendants are fully aware of California's debt collection laws, including the RFDCPA and FDCPA, to the extent incorporated therein.

58. Defendants are aware that full and complete compliance with the Truth in Lending Act ("TILA") may take place by communicating with Plaintiffs' attorney pursuant to the Offical Staff Commentary on Regulation Z 226.2(a)(22)-2, as set forth above.

59. There is no conflict of law between the RFDCPA and TILA since Defendants can comply with TILA simply by sending correspondence to Plaintiffs' attorney instead of Plaintiffs.

60. Defendants knew each of its harassing communications were subject to Title 1.6C California Civil Code § 1788 et. seq. and 15 U.S.C. §1692 et. seq. as incorporated herein.

61. Defendants knew each of its' harassing communications were willful and knowing violations of Title 1.6C California Civil Code § 1788 et. seq. and 15 U.S.C. § 1692 (FDCPA) as incorporated herein.

62. Defendants harassing communications as set forth above are part of an overall unlawful business pattern and practice whereby Defendants knowingly, willfully, and intentionally enterprised a profitable unlawful collection scheme to derive profits through harassing communications.

63. Defendants rarely, if ever, are pursued or sued over such harassing communications since very few debtors are aware that their rights are being violated, rarely have the financial resources to pursue such claims, and/or very few attorneys are willing to take on such cases.

64. Defendants are highly motivated to continue their harassing communications since any payments made to resolve judgments or settlements for such unlawful conduct are minuscule when compared to the overall profits generated from such unlawful acts.

///

**Plaintiffs Suffered Damages As A Result of Defendants' Conduct:**

65.   As a direct result of Defendants harassing communications, Plaintiffs have incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

66.   Further, Defendants repeated and continuous calling caused Plaintiffs to feel worried, panicked, sad, anxious, such that it impacted their relationship with their friends and family.

67.   Defendants placed repeated phone calls to Plaintiffs disrupting Plaintiffs' meals, daily routine activities, Plaintiffs' ability to sleep, and Plaintiff Patricia Thompson's health and well-being. Patricia Thompson suffers from atrial fibrillation and migraines and is currently taking medication. The stress resulting from Defendants' incessant, repeated, and unwavering calls, forced Plaintiff Patricia Thompson to increase her dosage.

68.   Plaintiffs incurred out of pocket monetary damages when attorney fees and costs were paid to DOAN LAW FIRM, LLP, for services provided to protect Plaintiffs under the RFDCPA, FDCPA, and FCBA, which ultimately failed.

69.   Plaintiffs incurred additional incidental actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, postage, and other damages.

70.   Plaintiffs continue to incur attorney fees and costs in filing this suit and bringing this matter to trial.

71.   Each of Defendants' harassing acts in repeatedly calling Plaintiffs on a daily basis, was vexatious, outrageous, oppressive, and maliciously calculated enough, so as to warrant statutory penalties and punitive damages. The Defendants calls to the Plaintiffs totaled an outrageous two hundred and fifty-seven (257) calls,  showing a conscious disregard for the Plaintiffs' emotional well-being and privacy .

72.   Defendants' conduct has caused Plaintiffs unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by California Statute. Plaintiffs have

incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, and has exacerbated Patricia's medical condition, which will continue to trial.

## VI.

## THIRTEEN (13) CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA CIVIL CODE §1788.17

### (Under 15 U.S.C. §1692c(a)(2))

73. The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

74. California Civil Code §1788.17, the RFDCPA provided in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

75. 15 U.S.C. §1692c(a)(2) as incorporated into §1788.17 the FDCPA provides:

> *Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--*
>
> > *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address...*

76. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into the RFDCPA, since Defendants repeatedly and continuously communicated with Plaintiffs two hundred and fifty-nine (259) times: two hundred and fifty-seven calls by telephone, letters, and billing statements, within the span of three (3) months despite the fact that Plaintiffs advised

Defendants in writing, to contact Doan Law Firm, LLP regarding the alleged debt.

77. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into RFDCPA since they repeatedly contacted and harassed the Plaintiff after being directly notified to cease and desist all further communication.

78. California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692c(a)(2).

79. The foregoing violations of 15 U.S.C §1692c(a)(2) by Defendants resulted in separate violations of California Civil Code§1788.17.

80. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692c(a)(2).

81. The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code§1788.30(b), and triggers **an additional penalty of $1,000.00**.

82. The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692c(a)(2), which triggers **an additional penalty of $1,000.00** under 15 U.S.C. § 1692k(a)(2)(A).

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17

## (Under 15 U.S.C. §1692c(c))

83. Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

84. California Civil Code §1788.17, the RFDCPA provided in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

85. 15 U.S. C. §1692c(c) of the FDCPA provides:

> *If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.*

86. Defendants violated 15 U.S.C. §1692c(c), as incorporated into the RFDCPA since Defendants repeatedly and continuously called and harassed Plaintiff two hundred and fifty-nine (259) times, within the span of three (3) months despite the fact that Plaintiffs advised Defendants in writing to contact Doan Law Firm, LLP regarding the alleged debt.

87. Defendants violated 15 U.S.C. §1692c(c), as incorporated into RFDCPA since Defendants repeatedly and continuously contacted and harassed the Plaintiffs after being directly notified to cease and desist all further communication.

88. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692c(c).

89. The foregoing violations of 15 U.S.C §1692c(c) by Defendants resulted in separate violations of California Civil Code Section § 1788.17.

90. California Civil Code Section 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15 U.S.C. § 1692c(c).

91. The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **multiple $1,000.00 penalties**.

92. The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692c(c), which trigger **additional damages of $1,000.00** under 15 U.S.C. § 1692k(a)(2)(A).

///

///

///

## THIRD CAUSE OF ACTION:

## **VIOLATION OF §1788.14(c) of the RFDCPA**

93. The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

94. California Civil Code Section 1788.14(c) provides in pertinent part:

> *No debt collector shall collect or attempt to collect a consumer debts by means of the following:*
>
> > *(c)* ***Initiating communications****, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously* ***notified in writing by the debtor's attorney that the debtor is represented by such attorney*** *with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney.....*

95. Defendants violated California Civil Code Section §1788.14(c) since Defendants repeatedly contacted and harassed the Plaintiffs, by placing two hundred and fifty-seven (257) calls to the Plaintiffs, after being directly notified in writing of attorney representation concerning the debt. Defendants' repeated telephone calls disrupted Plaintiffs' family and household.

96. The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and triggers **an additional penalty of $1,000.00** against Defendants.

///

///

///

///

///

## FOURTH CAUSE OF ACTION:

## <u>VIOLATION OF CALIFORNIA CIVIL CODE §1788.17</u>

### <u>(Under 15 U.S.C. §1692d(5))</u>

97. Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

98. California Civil Code §1788.17, the RFDCPA provided in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

99. 15 U.S. C. §1692d(5) of the FDCPA provides:

> *A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> > *(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.*

100. Defendants violated 15 U.S.C. §1692d(5), as incorporated into the RFDCPA since Defendants repeatedly and continuously called and harassed Plaintiffs by placing eighty-three (83) calls to the Plaintiffs, over the course of sixty-one (61) days, despite the fact that Plaintiffs advised Defendants, in writing, to contact Doan Law Firm, LLP regarding the alleged debt.

101. The calls by the Defendants were placed at various times in the day and most days, multiple times a day, including early morning and late evening. By way of example, Defendants placed nine (9) calls on March 19, 2009, eleven (11) calls on March 25, 2009, ten (10) calls on March 26, 2009, eights (8) calls on March 27, 2009, nine (9) calls on March 28 and March 29, 2009, eight (8) calls on March 30, 2009, and six (6) calls on

March 31, 2009.

102. Defendants violated California Civil Code §1788.11(e) since Defendants came into contact with Plaintiffs by calling, at minimum, five times (5) a day on eighty-three (83) different days. By way of example: between the months of March 2009 and May 2009, the Defendants contacted the Plaintiff at least five (5) times a day on six (6) separate days; at least six (6) times a day on six (6) separate days; at least seven (7) times a day; one (1) time; at least (8) time a day on six (6) separate days; at least nine (9) times a day on four (4) separate days, at least ten (10) times a day on one (1) day; and at least eleven (11) times a day; on two (2) separate days.

103. For example, between March 19, 2009 and March 31, 2009 an unrelenting seventy-eight (78) calls, were made in thirteen (13) consecutive days by the Defendants to the Plaintiffs and between April 6,2009 and May 1, 2009 the Defendants placed ninety-eight (98) calls to the Plaintiffs, in twenty-six (26) consecutive days. In addition, between May 6, 2009 and May 23, 2009 the Defendants placed seventy-six (76) calls to the Plaintiffs, in eighteen (18) consecutive days.

104. Defendants violated 15 U.S.C. §1692d(5) since Defendants came into contact with Plaintiffs by calling at least five (5) times a day, eighty-three (83) times, between the months of March 2009 and May 2009. The Defendants contacted the Plaintiff at least five (5) times a day on six (6) separate days; at least six (6) times a day on six (6) separate days, at least seven (7) times a day one (1) time, at least (8) time a day on six (6) separate days, at least nine (9) times a day on four (4) separate days, at least ten(10) times a day on one (1) time, and at least eleven (11) times a day, on two (2) separate occasions.

105. Defendants violated 15 U.S.C. §1692d(5), as incorporated into RFDCPA since Defendants repeatedly and continuously contacted and harassed the Plaintiffs after being directly notified to cease and desist all further communication.

106. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C §1692d(5).

///

107.   The foregoing violations of 15 U.S.C §1692d(5) by Defendants resulted in separate violations of California Civil Code Section § 1788.17.

108.   California Civil Code Section 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692d(5).

109.   The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and triggers **an additional penalty of $1,000.00**.

110.   The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692d(5), which trigger triggers **an additional penalty of $1,000.00** under 15 U.S.C. § 1692k(a)(2)(A).

### FIFTH CAUSE OF ACTION:
### VIOLATION OF §1788.11(e)

111.   The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

112.   California Civil Code Section 1788.11(e) provides:

> *No debt collector shall collect or attempt to collect a consumer debt by means of the following:*
>
> > *(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances.*

113.   Defendants violated California Civil Code §1788.11(e) since Defendants came into contact with Plaintiffs by calling, at minimum, five times (5) a day on eighty-three (83) different days. By way of example: between the months of March 2009 and May 2009, the Defendants contacted the Plaintiff at least five (5) times a day on six (6) separate days; at least six (6) times a day on six (6) separate days; at least seven (7) times a day;

one (1) time; at least (8) time a day on six (6) separate days; at least nine (9) times a day on four (4) separate days, at least ten (10) times a day on one (1) day; and at least eleven (11) times a day; on two (2) separate days.

114. Defendants placed calls to Plaintiffs on a consecutive basis; by way of example, the Defendants did so between March 19, 2009 and March 31, 2009 when they called the Plaintiffs seventy-eight (78) calls in thirteen (13) consecutive days. Between April 4, 2009 and May 1, 2009 the Defendants called the Plaintiffs an unwavering ninety-eight (98) times in twenty-six (26) consecutive days. Between May 6, 2009 and May 23, 2009 the Defendants called the Plaintiffs seventy-six (76) times in eighteen (18) consecutive days. For example, between March 19, 2009 and March 31, 2009 an unrelenting seventy-eight (78) calls, were made in thirteen (13) consecutive days by the Defendants to the Plaintiffs and between April 6, 2009 and May 1, 2009 the Defendants placed ninety-eight (98) calls to the Plaintiffs, in twenty-six (26) consecutive days. In addition, between May 6, 2009 and May 23, 2009 the Defendants placed seventy-six (76) calls to the Plaintiffs, in eighteen (18) consecutive days.

115. For example, between March 19, 2009 and March 31, 2009 an unrelenting seventy-eight (78) calls, were made in thirteen (13) consecutive days by the Defendants to the Plaintiffs and between April 6,2009 and May 1, 2009 the Defendants placed ninety-eight (98) calls to the Plaintiffs, in twenty-six (26) consecutive days. In addition, between May 6, 2009 and May 23, 2009 the Defendants placed seventy-six (76) calls to the Plaintiffs, in eighteen (18) consecutive days.

116. The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and triggers **an additional penalty of $1,000.00** against Defendants.

///

///

///

# SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17

### (Under 15 U.S.C. §1692c(a)(1)

117. Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

118. California Civil Code §1788.17, the RFDCPA provided in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

119. 15 U.S. C. §1692c(a)(1) of the FDCPA provides:

> *Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–*
>
> > *(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.*

120. Defendants violated 15 U.S.C. §1692c(a)(1), as incorporated into the RFDCPA, since Defendants called the Plaintiffs on Easter Sunday, April 12, 2009, Mothers Day, May 10, 2009, a day traditionally spent with ones family; and Memorial Day, May 25, 2009. Each holiday is a nationally recognized day where the average person spends valuable time with their family and loved ones. Placing calls to the Plaintiffs on these holidays are known and it should have be known that these holidays were inconvenient to Plaintiffs and a highly appreciated time away from their everyday concerns.

///

121. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692c(a)(1).

122. The foregoing violations of 15 U.S.C §1692c(a)(1) by Defendants resulted in separate violations of California Civil Code Section §1788.17.

123. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15 U.S.C. § 1692c(a)(1).

124. The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and triggers **an additional penalty of $1,000.00**.

125. The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692c(a)(2), which triggers **an additional penalty of $1,000.00** under 15 U.S.C. §1692k(a)(2)(A).

### SEVENTH CAUSE OF ACTION:

### <u>VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA</u>

### <u>(Under 15 U.S.C. §1692e(8))</u>

126. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

127. 15 U.S.C. § 1692e(8) of the FDCPA provides:

*A debt collector may not use any false, deceptive or misleading information or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(8) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that the debt is disputed.*

128. The Cease and Desist Order sent May 22, 2009, explicitly stated the following [bold text

in original]:

> *"Unless our Firm sends you written confirmation that you possess an enforceable*
> *contract, you must report the entire amount as* **'disputed'** *to all you report to per*
> *15 USC 1692e(8), CC 1788.17, CC 1782.25(a), and 15 USC 1601. This would*
> *include identifying the account as* **'disputed'** *in any and all credit bureau*
> *reporting you do, such as entering compliance condition code* **'XB'** *in base*
> *segment field 20 when uploading Metro 2 automated data reporting."*

129. Plaintiff alleges that Defendants intentionally and erroneously reported on a monthly basis that the account was not disputed. In the written Cease and Desist Order, sent on May 22, 2009, Plaintiff specifically advised the Defendants that the debt was disputed.

130. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692e(8).

131. The foregoing violations of 15 U.S.C §1692e(8) by Defendants resulted in separate violations of California Civil Code Section §1788.17.

132. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15 U.S.C. § 1692e(8).

133. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and triggers **an additional penalty of $1,000.00**.

## EIGHTH CAUSE OF ACTION:

## VIOLATION OF CAL. CIV. CODE §1785.25

134. Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

135. California Civil Code §1785.25(a) prohibits any person from furnishing information to a credit reporting bureau that such person knows or should know is incomplete or inaccurate.

///

136.  California Civil Code §1785.25(a) provides:

> *"A person shall not furnish information on a specific transaction or experience to*
> *any consumer credit reporting agency if the person knows or should know the*
> *information is **incomplete or inaccurate**."*

137.  Plaintiffs allege that Defendants intentionally and erroneously reported on a monthly basis
that the account was not disputed. In the written Cease and Desist Orders, February
19,2009,  Plaintiffs specifically advised the Defendants that the debt was disputed.

138.  Plaintiffs are entitled to relief for said Defendants' misconduct under California Civil
Code §1785.31, including actual damages, court costs, loss of wages, attorneys' fees, pain
and suffering, statutory damages, punitive damages of up to $5,000.00 for each monthly
act, and injunctive relief.

## NINTH CAUSE OF ACTION:

## INVASION OF PRIVACY (INTRUSION UPON SECLUSION)

139.  The Plaintiffs reallege and incorporate by reference the above paragraphs as though set
forth fully herein.

140.  Plaintiffs have a reasonable expectation of privacy at home such that Defendants would
not continue to communicate and harass them and engage in unlawful, intrusive, and
abusive telephone calls in an effort to collect a debt.

141.  Defendants intentionally intruded on Plaintiffs' privacy by, among other things,
continuing to communicate with Plaintiffs two hundred and fifty-nine (259) times, within
a three (3) month period, and harassing Plaintiffs within the privacy of their own home,
even though Defendants knew that Plaintiffs were represented by Doan Law Firm, LLP.

142.  These intrusions and invasions against the Plaintiffs from March 2000 to May 2009, by
Defendants in incessantly and repeatedly making multiple telephone calls to Plaintiffs,
occurred in a way that would be highly offensive to a reasonable person in Plaintiffs's
position.

143.  Plaintiff Patricia Thompson, has been diagnosed with atrial fibrillation and migraines.

The unwavering and intrusive phone calls made by the Defendants generated both stress and anxiety. This directly affected Mrs. Thompson's conditions. The apprehension and trepidation caused by Defendant's phone calls was taxing to Mrs. Thompson's well-being due to her abnormal heart rhythm. The barrage of phone calls made by the Defendants to her home caused her immeasurable distress and exasperated her condition causing her to increase her medication dosage use.

144. The Defendants' intrusions against Plaintiffs occurred after Defendants knew Plaintiffs were represented by Doan Law Firm, LLP as evidence by written and verbal notice given to Defendants and fact that said attorneys would sue Defendants for such conduct if it continued, shows the audacity and scorched Earth tactics that Defendants would employ at a "stop for nothing" attitude.

145. Courts have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion. Fausto v. Credigy 598 F. Supp. 2d 1049, 1056 (N.D. CA 2009) (Citing to Panahial v. Gurney 2007 U.S. Dist. Lexis 17269 and Joseph v. JJ. MacIntryre LLC, 238 F. Supp. 2d 1158, 1169 (N.D. Cal. 2002)).

146. Between March 18, 2009 and May 30, 2009 (71) days, the Defendants called the Plaintiffs on sixty-two (62) days or, in other words, eight-seven (87) percent of the time.

147. Over the entire time frame in which the Defendants called the Plaintiffs, sixty-two (62) days, they were called on average four (4) times a day.

148. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in amount to be determined according to proof.

149. Defendants also acted with such oppression, fraud, and/or malice, that Plaintiffs are also entitled to punitive damages in an amount according to proof.

## TENTH CAUSE OF ACTION:

## NEGLIGENCE

150. The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

151. Defendants had a duty to use reasonable and ordinary care in the collection of the subject debt.

152. Defendants failed to act with reasonable care when: (1.) Defendants called Plaintiffs (259) times; (2.) Defendants called (10) to (12) times in a single day; (3.) Defendants called Plaintiffs everyday of a week on multiple occasions.

153. Defendants negligently inflicted emotional distress on Plaintiffs by, among other things, continuing to communicate with Plaintiffs at home after receiving a written Cease and Desist Orders attached hereto as **Exhibits "A"**, and verbal notice. Defendants still unlawfully and intentionally communicated with Plaintiffs at least two-hundred and fifty-nine (259) times even though Defendants knew that Plaintiffs were represented by Doan Law Firm, LLP.

154. Plaintiff, Patricia Thompson, distraught over the amount of calls found herself in severe pain due to migraine.

155. As a result of Defendant's negligence, Plaintiffs suffered injuries, including physical harm, emotional distress, and other injuries. Plaintiffs are entitled to actual damages in amount to be determined according to proof.

## ELEVENTH CAUSE OF ACTION:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

156. The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

157. Defendants' conduct was outrageous and extreme as evidenced by these facts:

   (a) Defendant contacted Plaintiffs (259) times;

   (b) Defendant called multiple times a day, sometimes making (10) to (12) calls in a single day;

   (c) Defendants placed calls to Plaintiffs at least ninety-eight times in only twenty-six (26) days demonstrating a pattern and practice of unlawful harassment and abuse to coerce payment.

158. Defendant's conduct was intentional, as evidenced by, among other things, continuing to communicate with Plaintiffs at home after receiving a written Cease and Desist Order attached as **Exhibits "A"** hereto, unlawfully and intentionally communicating with Plaintiffs at least two hundred and fifty-nine (259) times even though Defendants knew that Plaintiffs were represented by Doan Law Firm, LLP.

159. As a result of Defendant's conduct, Plaintiffs suffered sever insomnia, arthritis, acid reflux and additional stomach problems.

160. The Defendants' outrageous actions against Plaintiffs occurred after Defendants knew Plaintiffs were represented by Doan Law Firm, LLP and in fact that said attorneys would sue Defendants for such conduct if it continued, shows the audacity and scorched Earth tactics that Defendants would employ at a "stop for nothing" attitude.

161. As a result of such intentional infliction of emotional distress, Plaintiffs are entitled to actual damages in amount to be determined according to proof.

162. Defendants also acted with such oppression, fraud, and/or malice, that Plaintiffs are also entitled to punitive damages in an amount according to proof.

## TWELFTH CAUSE OF ACTION:

### TORT IN SE

163. The Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

164. According to Joseph v. MacIntrye 238 F. Supp. 2d 1158, 1169 (N.D. Cal. 2002) the court held that violations of RFDCPA can give rise to a cause of action under Tort in Se:

> *"...Plaintiff, as an allegedly injured party and an intended beneficiary of the Rosenthal Act, can also state a claim for tort-in-se. See Laczko v. Jules Meyers, In., 276 Cal. App. 2d 293, 295, 80 Cal. Rptr. 798 (1969)."*

Defendants violated a statutory duty owed to another as set forth in full herein and is thus liable under the doctrine of "Tort-in-Se."

///

165. Defendants engaged in an unlawful course of conduct in violations of the RFDCPA, California Civil Code Section §1788, et. seq. , Civil Code Section §43 and 15 U.S. C. §1666(b) as set forth above and Plaintiffs herein are injured parties and an intended beneficiary thereunder.

166. As a result of Defendants actual negligence, Plaintiffs are entitled to damages in an amount to be determined according to proof.

## THIRTEENTH CAUSE OF ACTION:

## LIBEL

167. Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

168. The conduct of Defendants constitutes libel that tends to defame, disparage, and injure Plaintiffs in their reputation and has also caused pain and suffering. Defendants and each of them willfully, intentionally, consistently and purposely represented and reported each month to all three credit reporting bureaus (Experian, Equifax, and Transunion) that this account was not disputed. This was in a willful and intentional violation of Civil Code §1785.25(a).

169. Such libel has occurred on a continuing basis from approximately March of 2009 through the present, resulting in numerous reports of incomplete and inaccurate information.

170. As a result of Defendants' acts and omissions, Plaintiffs have been injured in an amount yet to be ascertained.

171. The conduct of these Defendants as alleged herein was willful, fraudulent, malicious, and oppressive. As a result, Plaintiffs request an award of punitive damages.

///

///

///

///

///

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs, having set forth the claims for relief against Defendants, respectfully pray that this Court grant relief in the amount of **$78,899.00** monetary damages (Actual Damages of at least **$10,000.00**, **Statutory Penalties** of at least **$9,115.00 Punitive Damages** of at least **$54,784.00**, **Attorney Fees and Costs** according to proof, **Injunctive Relief**, and **Declaratory Relief**).

Such relief is reasonably justified under the circumstances, and is more specifically broken down as follows:

A. **Actual Economic Damages** totaling at least **$2,115.00**, consisting of **$1,100.00 attorney fees** previously paid to Doan Law Firm, LLP to end the harassment, and **$15.00** in transportation, gasoline, telephone call charges, and postage, pursuant to California Civil Code §1788.30(a); **$1,000.00 Additional Damages** pursuant to California Civil Code §1788.17 incorporating 15 U.S.C. §1692k; and other economic damages accruing prior to the Order for Bankruptcy Relief;

B. **Actual Non-Economic Damages** of **at least $10,000.00** pursuant to California Civil Code §1788.30(a) for mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries;

D. **Statutory Penalties of at least $1,00.00** against Defendants arising from two hundred and fifty-nine (259) violations of California Civil Code §1788.17 (under 15 U.S.C. §1692c(a)(2);

E. **Statutory Penalties of at least $1,000.00** against Defendants arising from one hundred and eighty-two (182) violations of Civil Code §1788.17 (under 15 U.S.C. §1692(c);

F. **Statutory Penalties of at least $1,000.00** against Defendants arising from two hundred and fifty-eight (258) violations of Civil Code §1788.14(c);

G. **Statutory Penalties of at least $1,000.00** against Defendants arising from eighty-three (83) violations of Civil Code §1788.11(e)**;**

H.   **Statutory damages of at least $2,000.00 or as according to proof** against Defendants arising from violation of Civil Code §1788.11c(a)(1)  in the amount of twice the amount of the finance charges which were charged by Defendants on each of the statements from April of 2008 to the present, pursuant to 15 U.S.C. § 1640(a)(2)(I) in an amount according to proof, but no less than $1,000.00.

I.   **Punitive damages of at least $54,784.00** based on Defendants Invasion of Privacy, Tort in Se and Libel;

K.   **Costs of Litigation** and reasonable **Attorney's Fees** against Defendants pursuant to California Civil Code §§1785.25, 1788.14, 1788.17, 1788.30(c), and Cal. Code Civ. Proc. §1021.5;

L.   **Injunctive Relief** against Defendants, restraining them from any further contact with Plaintiffs and from reporting incomplete and inaccurate information to credit reporting agencies;

M.   **Declaratory Relief** against Defendants, declaring their practices of communicating with and harassing Plaintiffs was in violation of California Civil Code Section §§1785.25, 1788.14(c), and 1788.17.

N.   Such **other and further relief** as the Court may deem just and proper.

Respectfully submitted,

**DOAN LAW FIRM, LLP**

Dated: December 28, 2009

By
Karen S. Spicker, Esq.
Attorney for Plaintiffs