GEORGE G. WEICKHARDT (SBN 58586)
ANDREW J. CHO (SBN 240957)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105-1667
Telephone:   (415) 543-4800
Facsimile:    (415) 972-6301
Email:          gweickhardt@rmkb.com
                    acho@rmkb.com

Attorneys for Defendant
CHASE BANK USA, N.A., erroneously sued herein
as CHASE BANK N.A. and CHASE CARD
SERVICES

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA THOMPSON and GENE ROBERT THOMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE BANK N.A., CHASE CARD SERVICES, IC SYSTEMS, INC.,<br><br>Defendant. | CASE NO. 09 CV 2143 DMS POR<br><br>**CHASE'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT**<br><br>DATE:   February 12, 2010<br>TIME:    1:30 p.m.<br>DEPT.:   10 |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS HEREIN:**

NOTICE IS HEREBY GIVEN that on February 12, 2010, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Department 10 of this Court located at 880 Front Street, San Diego, California, Chase Bank USA, N.A. will, and hereby does move to dismiss claims 1-3 and 6-13 of Plaintiffs' First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted. This Motion is made pursuant Federal Rule of Civil Procedure 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(f), Chase also moves to strike from the FAC all requests for non-recoverable damages, all allegations that Plaintiffs sent Chase the

RC1/547006.1/AB7 - 1 - CHASE'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT

February 19, 2009 letter attached as Exhibit A to Plaintiffs' FAC, and all allegations that Chase was aware of the contents of the February 19, 2009 letter. These allegations are refuted by Exhibit A to Plaintiffs' FAC.

Chase moves to strike the following portions of Plaintiffs' FAC:

"9.     On September 26, 2008, Defendant WASHINGTON MUTUAL filed for Chapter 11 bankruptcy protection. All of Defendant WASHINGTON MUTUAL's assets and most of said defendant's liabilities were assumed by Defendant JP MORGAN CHASE. Thus, CHASE stepped into the shoes of WASHINGTON MUTUAL and assumed all notices received by WASHINGTON MUTUAL.

24.     By February 19, 2009, Defendants CHASE assumed all assets and liability of WASHINGTON MUTUAL and was operating in its place. As such Defendants received notice of the same as evidenced by the certified mail receipt.

**Defendants Had Actual Knowledge Of Attorney Representation:**

27.     Defendants physically received and had actual knowledge of the Cease and Desist Order(s), as evidence by the certified mail receipt, Exhibit "A", dated March 9, 2009.

28.     Defendants had actual knowledge of **attorney representation** by the DOAN LAW FIRM, LLP. In addition, sometime during March through May Plaintiff Patricia Thompson did give verbal notice to Defendants to stop calling. Thus, Defendants had written and verbal notice.

29.     Defendants actually knew it had to **Cease and Desist** all further communications with Plaintiffs with respect to the debt.

30.     Defendants actually knew Plaintiff's **refused to pay** the debt.

31.     Defendants actually knew Plaintiffs **disputed the validity** of the debt.

32.     Defendants actually knew Plaintiffs were preparing to file for

**Federal Relief under Title 11**.

33.  Defendants actually **knew that they were now prohibited from contacting** the Plaintiffs by all means.

34.  Defendants actually knew they could no longer call, write; send billing statements, statements of account, or any other communication, except legal process to Plaintiffs.

35.  Defendants knew it could only communicate with DOAN LAW FIRM, LLP.

36.  Defendants knew they could only call, write, send billing statements, and send statements of account, to DOAN LAW FIRM, LLP at the new address provided.

38.  Defendants knowingly and willfully refused to acknowledge the request to change the address for the billing statements, refused to make the correction, and never updated its system to change the billing statement address, all in violation of 15 U.S.C. §1666(b)6.

39.  Defendants knew that any further communications of any kind with Plaintiffs was prohibited, unlawful, illegal, and would subject it to liability damages.

40.  Plaintiffs sent Defendants a written Cease and Desist order dated February 19, 2009 via certified mail, Exhibit "A." Defendant CHASE stepped into shoes of WASHINGTON MUTUAL and assumed all assets and liabilities prior to February 19, 2009 and as such Defendants were put on notice.

48.  Despite knowledge of attorney representation, Defendants intentionally, willfully, deliberately, and knowingly, refused to abide by the laws of the RFDCPA, FDCPA and the FCBA, as set forth in the Cease and Desist Order, and communicated with Plaintiffs with regard to the alleged debt.

76. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into the RFDCPA, since Defendants repeatedly and continuously communicated with Plaintiffs two hundred and fifty-nine (259) times: two hundred and fifty-seven calls by telephone, letters, and billing statements, within the span of three (3) months despite the fact that Plaintiffs advised Defendants in writing, to contact Doan Law Firm, LLP regarding the alleged debt.

77. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into RFDCPA since they repeatedly contacted and harassed the Plaintiff after being directly notified to cease and desist all further communication.

78. Plaintiffs sent Defendants a written Cease and Desist order dated February 19, 2009 via certified mail, Exhibit "A."

79. The foregoing violations of 15 U.S.C § 1692c(a)(2) by Defendants resulted in separate violations of California Civil Code§1788.17.

81. The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code§ 1788.30(b), and trigger **an additional penalty of $1,000.00.**

82. The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692c(a)(2), which triggers **an additional penalty of $1,000.00** under 15 U.S.C. §1692k(a)(2)(A).

86. Defendants violated 15 U.S.C. §1692c(c), as incorporated into the RFDCPA since Defendants repeatedly and continuously called and harassed Plaintiff two hundred and fifty-nine (259) times, within the span of three (3) months despite the fact that Plaintiffs advised Defendants in writing to contact Doan Law Firm, LLP regarding the alleged debt.

87. Defendants violated 15 U.S.C. §1692c(c), as incorporated into RFDCPA since Defendants repeatedly and continuously contacted and

harassed the Plaintiffs after being directly notified to cease and desist all further communication.

89. The foregoing violations of 15 U.S.C §1692c(c) by Defendants resulted in separate violations of California Civil Code Section § 1788.17.

91. The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **multiple $1,000.00 penalties**.

92. The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692c(c), which trigger **additional damages of $1,000.00** under 15 U.S.C. § 1692k(a)(2)(A).

95. Defendants violated California Civil Code Section §1788.14(c) since Defendants repeatedly contacted and harassed the Plaintiffs, by placing two hundred and fifty seven (257) calls to the Plaintiffs, after being directly notified in writing of attorney representation concerning the debt. Defendants' repeated telephone calls disrupted Plaintiffs' family and household.

96. The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and triggers **an additional penalty of $1,000.00** against Defendants.

100. Defendants violated 15 U.S.C. §1692d(5), as incorporated into the RFDCPA since Defendants repeatedly and continuously called and harassed Plaintiffs by placing eighty-three (83) calls to the Plaintiffs, over the course of sixty-one (61) days, despite the fact that Plaintiffs advised Defendants, in writing, to contact Doan Law Firm, LLP regarding the alleged debt.

RC1/547006.1/AB7 - 5 - CHASE'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT

105.    Defendants violated 15 U.S.C. §1692d(5), as incorporated into RFDCPA since Defendant repeatedly and continuously contacted and harassed the Plaintiffs after being directly notified to cease and desist all further communication.

107.    The foregoing violations of 15 U.S.C. §1692d(5) by Defendants resulted in separate violations of California Civil Code Section § 1788.17.

109.    The foregoing violations by DEFENDANTS were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and triggers **an additional penalty of $1,000.00**.

110.    The foregoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 U.S.C. §1692d(5), which triggers **an additional penalty of $1,000.00** under 15 U.S.C. § 1692k(a)(2)(A).

116.    The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil. Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and triggers **an additional penalty of $1,000.00** against Defendants.

120.    Defendants violated 15 U.S.C. §1692c(a)(1), as incorporated into the RFDCPA, since Defendants called the Plaintiffs on Easter Sunday, April 12, 2009, Mothers Day, May 10, 2009, a day traditionally spent with ones family; and Memorial Day, May 25, 2009.  Each holiday is a nationally recognized day where the average person spends valuable time with their family and loved ones.  Placing calls to the Plaintiffs on these holidays are known and it should have be known that these holidays were inconvenient to Plaintiffs and a highly appreciated time away from their everyday concerns.

122.    The foregoing violations of 15 U.S.C §1692c(a)(1) by Defendants resulted in separate violations of California Civil Code Section

1    §1788.17.

2    124.   The foregoing violations by DEFENDANTS were willful and
3    knowing violations of Title 1.6C of the California Civil Code (FRDCPA),
4    are sole and separate violations under California Civil Code Section
5    § 1788.30(b), and triggers **an additional penalty of $1,000.00**.

6    125.   The foregoing acts by Defendants were intentional, persistent;
7    frequent; and devious violations of 15 U.S.C. §1692c(a)(2), which triggers
8    **an additional penalty of $1,000.00** under 15 U.S.C. §1692k(a)(2)(A).

9    128.   The Cease and Desist Order sent May 22, 2009, explicitly
10   stated the following [bold text in original]:

11   129.   Plaintiff alleges that Defendants intentionally and erroneously
12   reported on a monthly basis that the account was not disputed.  In the written
13   Cease and Desist Order, sent on May 22, 2009, Plaintiff specifically advised
14   the Defendants that the debt was disputed.

15   131.   The foregoing violations of 15 U.S.C. §1692e(8) by
16   Defendants resulted in separate violations of California Civil Code
17   Section §1788.17.

18   133.   The foregoing violations by Defendants were willful and
19   knowing violations of Title 1.6C of the California Civil Code (RFDCPA),
20   are sole and separate violations under California Civil Code Section
21   § 1788.30(b), and triggers **an additional penalty of $1,000.00**.

22   138.   Plaintiffs are entitled to relief for said Defendants'
23   misconduct under California Civil Code §1785.31, including actual damages,
24   court costs, loss of wages, attorneys' fees, pain and suffering, statutory
25   damages, punitive damages of up to $5,000.00 for each monthly act, and
26   injunctive relief.

27   144.   The Defendants' intrusions against Plaintiffs occurred <u>after</u>
28   Defendants knew Plaintiffs were represented by Doan Law Firm, LLP as

1  evidence by written and verbal notice given to Defendants and fact that said

2  attorneys would sue Defendants for such conduct if it continued, shows the

3  audacity and scorched Earth tactics that Defendants would employ at a "stop

4  for nothing" attitude.

5        153.    Defendants negligently inflicted emotional distress on

6  Plaintiffs by, among other things, continuing to communicate with Plaintiffs

7  at home after receiving a written Cease and Desist Orders attached hereto as

8  **Exhibits "A",** and verbal notice.  Defendants still unlawfully and

9  intentionally communicated with Plaintiffs at least two-hundred and fifty-

10  nine (259) times even though Defendants knew that Plaintiffs were

11  represented by Doan Law Firm, LLP.

12        158.    Defendant's conduct was intentional, as evidenced by, among

13  other things, continuing to communicate with Plaintiffs at home after

14  receiving a written Cease and Desist Orders attached hereto as **Exhibits "A"**

15  hereto, unlawfully and intentionally communicating with Plaintiffs at least

16  two hundred and fifty-nine (259) times even though Defendants knew that

17  Plaintiffs were represented by Doan Law Firm, LLP.

18        160.    The Defendants' outrageous actions against Plaintiffs

19  occurred <u>after</u> Defendants knew Plaintiffs were represented by Doan Law

20  Firm, LLP and in fact that said attorneys would sue Defendants for such

21  conduct if it continued, shows the audacity and scorched Earth tactics that

22  Defendants would employ at a "stop for nothing" attitude."

23      WHEREFORE, Plaintiffs, having set forth the claims for relief against

24  Defendants, respectfully pray that this Court grant relief in the amount of

25  **$78,899.00** monetary damages (Actual Damages of at least **$10,000.00, Statutory**

26  **Penalties** of at least **$9,115.00 Punitive Damages** of at least **$54,784.00,**

27  **Attorney Fees and Costs** according to proof, **Injunctive Relief**, and **Declaratory**

28  **Relief**).

RC1/547006.1/AB7     - 8 -     CHASE'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*San Francisco*

  D. **Statutory Penalties of at least $1,00.00** against Defendants arising from two hundred and fifty-nine (259) violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(a)(2);

  E. **Statutory Penalties of at least $1,000.00** against Defendants arising from one hundred and eighty-two (182) violations of Civil Code §1788.17 (under 15 U.S.C. §1692(c);

  F. **Statutory Penalties of at least $1,000.00** against Defendants arising from two hundred and fifty-eight (258) violations of Civil Code §1788.14(c);

  G. **Statutory Penalties of at least $1,000.00** against Defendants arising from eighty-three (83) violations of Civil Code §1788.11(e);

  H. **Statutory damages of at least $2,000.00 or as according to proof** against Defendants arising from violation of Civil Code §1788.11c(a)(1) in the amount of twice the amount of the finance charges which were charged by Defendants on each of the statements from April of 2008 to the present, pursuant to 15 U.S.C. § 1640(a)(2)(I) in an amount according to proof, but no less than $1,000.00."

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Andrew Cho and Request for Judicial Notice, the pleadings, papers, records and entire file herein, and such other further matters as may be presented at or before the hearing of the Motion.

Dated: January 14, 2010      ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Andrew J. Cho
  ANDREW J. CHO
  Attorneys for Defendant
  CHASE BANK USA, N.A., erroneously
  sued herein as CHASE BANK N.A. and
  CHASE CARD SERVICES